Pearson J.
It is attempted by the bill to raise this question : Will a Court of Equity interfere and require the parties to set aside a judgment and verdict at law, and try the matter de novo, upon the allegation that the verdict was obtained by the testimony of a witness, which was known to be false by the party using it, and which the opposite part3r had no means of contradicting at the trial, or in time to support a rule for a new trial; without an allegation, that the false witness has been presented for perjury or has absconded so as not to be answerable to the process of the law ?
The question is an interesting one, but we do not feel at liberty to decide it, because it is not presented by the case in the stage in which we are now considering it. The answer, without evasion,-responds to the allegation by a positive and flat denial. Consequently the plaintiff has nothing to stand on, and cannot support the injunction, which he obtained at the filing of h-is bill, for, on the motion to dissolve upon the bill and answer, the answer, so far as it is responsive to the bill, is taken to be true.
The allegation of the discovery of new matter after the trial and after the term, when it was too late to move for a new trial, is also positively denied in the answer.
In this case the denial of the answer is accompanied with an exhibit and also a narration of facts, alt tending to disprove the allegations of the bill.
There is no error — this opinion will be certified.
Per Curiam. Ordered accordingly.