PeabsoN, J.
In Evans v. Lovengood, 1 Jones’ Eq. Rep. 298, (which is a branch of this case,) it is said “ the only ground upon which the plaintiff’s equity can be put, is that fraud was practiced upon the commissioners, and their certificate obtained by perjury.” The case was then before us upon a motion to dissolve the injunction, and went off upon the ground that the defendant Lovengood was a purchaser for a valuable consideration without notice. Of course we were not then at liberty to decide whether the plaintiff had been successful or not, in putting his case upon the only ground which was supposed to be tenable. The case is now up for final hearing, and we are satisfied that the plaintiff has failed to establish an equity, both for the want of the averments necessary to put the case upon the ground alluded to, and for the want of the necessary proof; so, he fails both upon the allegata and^ro-bata.
The cases of Fentress v. Robbins, N. C. Term Rep. 177, Peagram v. King, 2 Hawks. Rep. 295, Ibid. 605, Deaver v. Erwin, 7 Ire. Eq. Rep. 250, Dyche v. Patton, 8 Ire. Eq. Rep. 296, recognise the general doctrine that, if a verdict be obtained in an action in a Court of common law by fraud, circumvention, or perjury, a Court of Equity may decide that the party shall consent to set aside such verdict, and have the matter tried de novo in a Court of common law; in other words, a Court of Equity may require the party to give his adversary a new trial. But it is agreed that this power should be exercised with “ extreme caution,” and the application of the doctrine is greatly restricted, and is confined to cases which present “peculiar circumstances,” under the maxim, “ there must be an end to litigation.”
For instance, the doctrine does not apply if the Court be *461 misled, and from ignorance, or other canse, mistake the law; for Equity cannot review the judgments of Courts of Law. So, it is agreed that the doctrine only applies where there is new matter, or something discovered after the trial at law, and which could not have been made available either on the trial, or as a ground for a new trial, in that Court. So, it is agreed, that to set-aside the verdict on the ground of its being obtained by perjury, there must be an allegation that the party who used the testimony Imeio it to be false. So, there must not only be newly discovered evidence, but such evidence must bear directly upon the merits of the case, and must be decisive of it, and not tend simply to impeach the testimony of a witness at a former trial, or to add cumulative evidence as to a matter before controverted. In this connection we will remark that Peagram v. King was decided at a time when, according to McFarlane v. Shaw, 2 Car. L. Rep. 102, the dying declarations of the witness Jenlts was evidence in chief, and not merely evidence to impeach.
In Terry v. Young, Pre. in Ch. 193, the Lord Keeper declared “ the relief must be grounded upon new matter, and not what was tried before. "When it consists in swearing only, I will never grant a new trial unless it, (that is, the falsehood,) appear by deed or writing, or that the witness, upon whose testimony the verdict was given, has been convicted of perjury." Accordingly, in Peagram v. King, which is the only case in which our Courts have applied the general doctrine, (as it is termed,) this qualification is assumed to be correct; and the Court treat the fact of the death of the witness Jenhs before a prosecution could be instituted, as bringing the case within the reason of the decision.
In. our case there are no averments to meet these several qualifications and restrictions of the rule. The bill does not disclose, with any kind of distinctness, the particular falsehood upon which the commissioners were induced to award the certificate to Carden. Whether Carden had made “ valuable improvements” within the meaning of the statute, involved a question of construction, as to which, it is not now insisted that the *462 Court can. review the judgment of the commissioners. It is not alleged that any new matter was discovered, and the plaintiff relies upon the general allegation that the testimony upon which the certificate issued was false; but he was unable to prove it, because there was no way of getting his witnesses before the commissioners ; and upon the further general allegation, that both the Cardens “ were, are now, and have been, generally, citizens of the State of Tennessee.”
It is useless to consume time by going into particulars, for the purpose of showing that such general allegations cannot make a case to which the doctrine, as to the interference of Courts of Equity with verdicts and judgments in the Courts of Law, is applicable. It is also useless to refer to the evidence, except to remark that no particular falsehood is proved, either by deed, writing, or conviction of perfrnj, or in any other way, except by proof of general admissions and conversations of the parties, deposed to by witnesses who, themselves, appear under very questionable circumstances.
So far, we have treated the case as if the application for a new trial was in reference to the verdict and judgment of a Court of Law; but in our case, the proceeding was before three commissioners, who were appointed under the statute, to act in the nature of arbitrators in awarding certificates, which, should entitle the party to a pre-emption right. Ho appeal, or other mode of reviewing their decision, is provided; and the object of the Legislature seems to have been to make their action final in regard to the very many controversies and disputes which it was anticipated would grow out of the unsettled condition of things in the County of Cherokee. So that it might be a matter of grave consideration, whether the doctrine in regard to proceedings in the ordinary Courts of Law is applicable to their awards. It is very certain that the mode of relief, that is, to require the parties to set aside the judgment and verdict at law, and try the matter de novo before the same Court, is not applicable; because the commissioners arofimcti officio, and the matter cannot be tried over again before them. A Court of Equity could only interfere by sub *463 stituting itself as the tribunal for the settlement of the question controverted by the parties ; which presents a very serious objection to the assumption of such a jurisdiction.
Peb CuEiAar. Bill dismissed.