Nash, C. J.
 

 Tbe bill, in substance, is to procure a new trial of a cause which bad been previously tried between tbe parties, in tbe Superior Court of Macon county, upon tbe ground, that tbe verdict was obtained on tbe evidence of
 
 *334
 
 one Gideon Morris, who had committed perjury in swearing to the facts he did. The bill charges that the defendants, Patton and Col vert, were guilty of subornation of perjury, in procuring Morris to give such evidence. The power of a court of equity to interfere, by granting a new trial, when the judgment had been obtained, at law, by perjury, is not denied. This doctrine was recognised in this Court, in the case of
 
 Peagram
 
 v.
 
 King,
 
 2 Hawks’ Rep. 605. There, the bill charged that the verdict had been obtained by the perjury of one Jenks, who had confessed it on his dying bed, and a short time before his death. The Court granted the relief prayed for; but his Honor, Chief Justice Tayloe, in pronouncing the opinion of the Court, observes, that “the death of Jenks, the witness, before the complainant knew by what witness his declaration could be shown, rendered a prosecution impossible.” This was said in answer to a case cited in the argument by the counsel of the defendant. The case was
 
 Torry
 
 v. Young, Prec. in Ch. 193, in which the Lord Keeper declared “ that the relief must be grounded upon new matter, and not what was tried before. When it consists in swearing only, I will never grant a new trial, unless it appear by deed or writing, or
 
 that the witness v/gon whose testimony the verdict was
 
 given,
 
 has loeen convicted of p&rj'u/ry.”
 
 It is evident from what fell from the Court in Peagram’s case, that such would have been their decision, but for the death of Jenks, the perjured witness. The power, so to interfere by a court of equity, in granting a new trial in a case at law, is one capable of great abuse, and has always been exercised with great caution, and ought never to be applied to any case where the party applying has been guilty of any laches. In 2 Vernon’s Rep. 240, a judgment was obtained at law upon a forged bond, and the defendant was surprised; in consequence of all the pretended witnesses to the bond being dead, a new trial was granted.
 

 In this case, Morris, the witness, and Patton and Colvert, the alleged suborners, are all alive, so far as the case discloses the fact, and are now all within the jurisdiction of the Su
 
 *335
 
 perior Court of law of Macon county. The plaintiffs have not prosecuted them for perjury, or for subornation of perjury, nor given any reason for not doing so. Public convenience, as well as private interests, require that there should be an end of litigation. “It results (says the able counsel, for the defendant in Peagram’s case) from the palpable truth of the position, that a second, or a third, or any number of trials, will not, and cannot, in the nature of things, ensure a final decision absolutely just.”
 

 Let the plaintiffs come before the Court, armed with the recorded proof of the perjury alleged to have been committed by Morris, the witness, and his case will then be entitled to the consideration of the Court.
 

 Pee Cueiam, Bill dismissed.