PbaesoN, C. J.
 

 The allegation of the plaintiff that in November, 1854, a few months after the original contract was entered into, it was so modified as to allow him to remove the machinery which he was to erect for the purpose of testing the mine, being distinctly and positively denied by the answer, is to be put out of the case at this stage of the proceedings.
 

 The allegation, that in April, 1855-, at Chester Courthouse', the parties by mutual consent, agreed to rescind the eon tract altogether, “and, therefore, and
 
 thereupon\
 
 it was agreed by the plaintiff and defendant, that the plaintiff should surrender to the defendant the mine, and
 
 remove the machinery■
 
 as soon as possible,” is denied in a qualified manner, that is, the defendant admits, that having become excited, he did propose to rescind the contract altogether, and the plaintiff immediately agreed to do so, but the defendant avers that as soon, as his excitement passed off', to wit, on the next day, before any action had been taken by either party, he notified the plaintiff in writing, that, upon consideration, he withdrew the proposition to rescind the contract, and should hold the plaintiff liable according to their original contract; and he insists that as he acted under moral duress, or rather under surprise, he had a right, as soon as he recovered from it, to withdraw his proposition.
 

 This presents an interesting question. Is this qualified de
 
 *313
 
 nial responsive to the allegation of the bill, and of such a nature as according to the course of the Court at this stage of proceeding, to leave the plaintiff' in the condition of not having his allegation admitted; or is it to be taken as confessing the allegtition, and offering new matter in avoidance; so as to put on the defendant the burden of proving it, and allow the the plaintiff to consider his allegation as admitted, for the purpose of resisting the motion to dissolve the injunction? We will not enter into it, because there are objections on the face of the bill, which show that the injunction was improvidently granted, and consequently there is error in the decretal order refusing to dissolve the injunction, and continuing it over to the hearing.
 

 The scope of the bill is to obtain a perpetual injunction, restraining the defendant from enforcing his judgment at law. There is no primary equity which the bill seeks to set up, and in aid of which, the injunction is asked for, but the sole object is to have a perpetual injunction, and there the matter is to stop. Except to stay waste or prevent irreparable injury, an injunction can only issue in aid of, and as ancillary to some primary equity, which the bill seeks to enforce. This is well settled, and we presume the defect, in not setting out some primary equity, is attributable to the fact, that there is no equitable ingredient involved in the case.
 

 As the ground for coming into this court for relief, the plaintiff alleges that notwithstanding the contract was rescinded, and by mutual consent it was agreed that he should remove the machinery, which he did in pursuance of the agreement, the defendant brought an action at law against him for breach of the original contract by removing the machinery, which action coming on to be tried in the Superior Court of law, it was decided and held, that “ none of the matters set forth in this bill were proper and legal defences (o the said action, and the defendant recovered a judgment,” and the plaintiff now insists that it is against conscience for the defendant to enforc» the judgment.
 

 Assuming the matter set forth in the bill to be trae, tin»
 
 *314
 
 plaintiff had a clear
 
 legal right
 
 to remove the machinery, and consequently had a good defence to the action at law. But the failure to establish it, does not give him an
 
 equitable
 
 right, unless the error of a court of law can create an equity Í! No authority was cited for this position, and there is no principle upon which it can be supported. It would be a new head of equity jurisdiction. If a party obtains a judgment at law, by fraud, as by subornation of perjury, or the like foul means, equity will give relief, not by taking possession of the case, going into the trial of legal rights and granting a perpetual injunction, but by acting in aid of the common law court, and decreeing that the party shall consent to set the judgmeut and verdict aside, and have a new trial at law, and in the meantime, as ancillary to this relief, an injunction will be granted;
 
 Pegram
 
 v.
 
 King,
 
 2 Hawk’s, 297;
 
 Wilson
 
 v.
 
 Leigh,
 
 4 Ire. Eq. 97;
 
 Powel
 
 v.
 
 Watson,
 
 6 Ire. Eq., 98;
 
 Houston
 
 v.
 
 Smith,
 
 Ibid 264;
 
 Dean
 
 v. Erwin, 7 Ire. Eq. 250.
 

 These, and many other cases, support the position that equity will give relief against a judgment obtained by
 
 the fraud
 
 of the
 
 party,
 
 but there is none to support the position that it will give relief against a judgment because of
 
 error
 
 in the court. On the contrary, it is settled, where there is a legal right and a regular trial, before a competent court, the matter is concluded, both in equity and at law, so long as the judgment is unreversed;
 
 Wilson
 
 v.
 
 Leigh,
 
 supra;
 
 Martin
 
 v.
 
 Harding,
 
 3 Ire. Eq. 603. In
 
 Dean
 
 v.
 
 Erwin,
 
 supra, this doctrine is assumed, and the court say “ This court cannot review the decision of a court, of law upon a question addressed to its dis-. cretion, from which there is no appeal, for the same reason that
 
 it cannot review
 
 a
 
 question of law
 
 from
 
 whieh there is cm
 
 appeal/” and in
 
 Fentress
 
 v.
 
 Robbins,
 
 N. C. T. R. 177, the court say, “ In this respect the bill is for relief against the errors of the judgment at law. If these facts laid any foundation for a suit in equity, there would soon be an end to all proceedings at law upon one or other of these points, either to hear
 
 errors
 
 of the court, or
 
 refry
 
 the facts falsely found by the
 
 *315
 
 jury, all causes would end in chancery, and, the courts of common law be abolished.”
 

 Suppose an action of assumpsit for a money demand — plea, non assumpsit. The defendant offers to prove
 
 payment,
 
 the court holds the evidence inadmissible, for the want of a special plea — judgment for plaintiff. ' Can the defendant obtain a perpetual injunction, on the ground that it is against conscience for the plaintiff to take advantage of the error of the court, and make him pay the debt a second time ?
 

 Or, suppose, which is our case, an action for the breach of a contract; breach assigned: the removal of machinery, which, by the terms of the contract, the defendant was bound to leave on the premises ; the defendant offers to prove that the contract was rescinded by mutual consent, and the plaintiff agreed to allow the defendant to remove the machinery ; the court hold the evidence inadmissible, either because the parties could not, by parol, rescind a written contract, or because the agreement to rescind was
 
 nudum pactum,
 
 or some other erroneous ground, and there is judgment for the plaintiff ; can the defendant obtain a perpetual injunction, on the ground that it is against conscience for the plaintiff to take advantage of the error of the court, and make him pay damages for doing an act which he had expressly agreed that he might do ? If equity has this jurisdiction “ all causes will hereafter end in chancery, and the courts of common law be abolished.” Other points were mooted in the interesting argument with which the court was favored, to which it is unnecessary to advert.
 

 There is error in the decretal order. It should be reversed and the motion to dissolve the injunction allowed.
 

 Per CueiaM, Decretal order reversed.