MARTIN V. HORNE v. MARY E. HORNE.

The allowance of a motion to vacate a judgment and grant a new trial, for newly discovered evidence, and for matters occurring since the trial and final judgment, under the supervisory power and equitable jurisdiction of this (the Supreme) Court, is a matter of sound discretion, in the exercise of which the court will be governed by the peculiar circumstance of each case: *Therefore,* when, in a petition for divorce, the following issue, to-wit: "Did the plaintiff commit adultery with," &c.? was submitted to, and found by the jury against the plaintiff, and final judgment was rendered against him in such petition: *It was held,* that this Court would not set aside the judgment and grant a new trial, upon the ground that the principal witness who testified as to the adultery of the plaintiff, had subsequently been convicted of perjury, for swearing falsely upon the trial of said issue, when it appeared that the principal witness for the prosecution, upon the trial of the indictment for perjury, was the plaintiff and petitioner, who now makes this motion to vacate, &c.

(*Jarman* v. *Saunders,* 64 N. C. Rep., 367; *Bledsoe* v. *Nixon,* 69 N. C. Rep., 81, cited and approved.)

This was a PETITION to re-hear the same cause, between the same parties, heretofore decided in this Court, to-wit.: at January Term, 1875.

The grounds upon which a re-hearing is now asked will be found in the opinion delivered by Justice Bynum ; and the facts of the case are fully stated in the report of the same in 72 N. C. Rep., 530.

*Battle, Battle & Mordecai,* for the petitioner.
*Busbee & Busbee,* contra.

BYNUM, J. The case of *Horne* v. *Horne,* 72 N. C. Rep., 530, was determined finally by this Court, and the decision in *Jarman* v. *Saunders,* 64 N. C. Rep., 367, and *Bledsoe* v. *Nixon,* 69 N. C. Rep., 81, is authority for the present application and motion here. But the allowance of the motion to vacate the judgment and grant a new trial, for newly discovered evi-

dence, and for matter occurring since the trial and final judgment, under the supervisory power and equitable jurisdiction of this Court, is a matter of sound discretion, in the exercise of which the Court will be governed by the peculiar circumstances of each case. "There must be an end of litigation," is a maxim of the law that must be rigidly adhered to, unless the case presented to us for relief appears divested of all traces of suspicion, and with all the insignia of *bona fides* and integrity, on the part of the petitioner.

. This application does not come before us in this friendly light.

In the action for divorce, 72 N. C. Rep., 530, the fifth issue was, " did the plaintiff commit adultery with one Fannie Horne in January, 1865?" This issue was found against the plaintiff, upon the testimony of one Sol. Rickets. The plaintiff was an incompetent witness on the trial of that issue. But after the verdict and final judgment against the plaintiff in that action, he, the plaintiff, caused the witness against him—Rickets—to be indicted for perjury in giving in his evidence against him on the trial of the said issue. The witness was convicted of perjury, partly upon the testimony of the plaintiff himself. This conviction of the witness, procured in this way, the plaintiff now presents as the ground of his application for a new trial.

It is not denied that a new trial may be granted where the witnesses upon whose testimony the verdict was obtained, have since been convicted of perjury. 4 Chit. Pr., 62; *Benfield* v. *Petrie*, 3 Doug. 24 and 27 ; *Ford* v. *Yates*, Tidd, 907. But in exercising the discretion to grant or refuse a new trial, the Court will distinguish between a conviction of the witness, procured by the oath of a convicted and deeply interested plaintiff, and a conviction procured by disinterested testimony.

If a party to an action, who is an incompetent witness, after his trial and conviction can thus by his own evidence

break down the character and credibility of the adverse witness, and thus relieve himself of the consequences of the verdict by obtaining another trial, in which the convicted witness would be disqualified or discredited, not only would a wide door be opened to perjury, but the party would obtain indirectly what he is debarred from directly, to-wit: the benefit of his own evidence in his own behalf. The plaintiff, Horne, in the divorce suit, is not a competent wit-ness in his own behalf, (C. C. P., sec. 341), but after a verdict against him, he can avoid the consequences and obtain another trial by convicting the witness against him of perjury, by his own oath; and upon the second trial can offer this conviction in discredit of the witness! The mischiefs which would result from such an adjudication are too great to be overlooked. How it would be had the adverse witness been convicted by disinterested evidence we are not called upon to say. As the case now stands it is clear that Horne, as a witness against Rickets, upon the indictment for perjury, had more motives to commit perjury himself than had Rickets to commit perjury in the divorce suit.

In the exercise of a sound discretion we think the motion should be denied.

PER CURIAM. Motion disallowed and the petition dismissed.