## STATE v. J. B. ARTHUR.

(Filed 13 October, 1909.)

1. **Indictment—Proof—Evidence—Variance.**

   There is no fatal variance between the allegation of a bill of indictment and the proof, the former charging the burning of "a certain shop and storehouse," giving its ownership and its occupancy as "used in the trade of woodworking by H.," and the latter tending to show that defendant was seen to set fire to the "H. workshop."

2. **Criminal Cases—Supreme Court—Newly-Discovered Evidence— Power of Court.**

   A new trial in criminal cases will not be granted by the Supreme Court upon the grounds of newly discovered evidence.

WALKER, J., concurs in result.

APPEAL by defendant from *Cooke, J.,* June Term, 1909, of CARTERET.

Indictment for house burning.

The defendant was convicted, and from the sentence of the court appealed.

The facts are sufficiently stated in the opinion.

*Attorney-General* for the State.
*Aycock & Winston* for defendant.

BROWN, J.   1. The defendant was indicted for burning a "certain shop and storehouse, the property of one C. S. Wallace, occupied by one W. A. Howland and used in the trade of woodworking."   The evidence in regard to the house is that the defendant was seen to set fire to "Howland's workshop.   It was right under the side of the shop, under a tank of gasoline used for running the machinery in the shop.   The house belonged to C. S. Wallace and was used by Howland for operating some working machinery."

The defendant was convicted, and brings the case to this Court upon the one exception, that there was a fatal variance between the allegation in the bill and the proof.

The witness Mann, who testified to seeing defendant set the building on fire, repeatedly called it "a shop," and we think it is properly so charged in the bill.   The whole evidence tends to bring the structure within the description of a shop, as given in *State v. Morgan,* 98 N. C., 643.

2. The defendant files a petition for a new trial, on the ground of newly discovered evidence.

We have not been cited to any case in this country where a new trial has been allowed in criminal cases by an appellate court upon the ground of newly discovered evidence, and it is not allowed in Great Britain. · If such practice prevailed, the proper administration of the criminal law in which our entire people are interested, would be seriously impaired and the delays incident to it greatly increased.

The ease with which evidence would be "newly discovered" would give the accused, when convicted, too great an opportunity to postpone the sentence of the law almost indefinitely.

The State would, of necessity, be denied the right to ask for a new trial, for similar reasons, for when the accused is acquitted no new trial may be granted for any reason whatever.   The Superior Court judge cannot even award a new trial to the State, and the right of appeal upon its part is extremely limited, and never lies after a general verdict of not guilty.   The Superior Court judge may grant a new trial to the accused during the term, and his discretion is irreviewable. ·

And if the accused is finally convicted and sentenced, he may still apply to the Governor for executive clemency.

This question is fully discussed and all the authorities cited in the well-considered opinion of the Chief Justice in *State v. Lilliston,* 141 N. C., 863.   The soundest considerations of public policy require that we adhere to that decision, founded as it is

in the wisdom of our forefathers. We are more firmly convinced
of the wisdom of our former judgment when we examine the
newly discovered evidence set out by this defendant, which is
mainly intended to contradict a State witness. With reasonable
diligence it could have been presented either on the trial or to
the presiding judge before he adjourned the term.

The judgment of the Superior Court is

Affirmed.

WALKER, J., concurring in result: While I concur with my
brethren that there was no error in law committed in the trial of
this case, it is impossible for me to agree with them that we can-
not consider the motion (or petition) of the defendant for a new
trial upon the ground of newly discovered testimony. It seems
to me that such a ruling not only violates the cardinal rule of the
common law, but nullifies an express enactment of the Legisla-
ture upon the subject. It is provided by statute (Revisal, sec.
3272) that "the court may grant new trials in criminal cases
when the defendant is found guilty, under the same rules and
regulations as in civil cases." The power and authority under
the Constitution and the statute to grant new trials is identical
in both classes of cases. It has been the undeviating course and
practice of this Court to grant new trials in civil cases for newly
discovered evidence. Whence comes this power? It is sug-
gested in some of the cases that this power arises from necessity,
but necessity cannot supply constitutional and statutory omis-
sions. The power must be found either in the Constitution or
in the statute passed in pursuance of the Constitution; and if it
cannot be found there, then it does not exist. But at this late
day no one will be bold enough to say that the power does not
exist to grant new trials for newly discovered evidence by this
Court in civil cases; and if the power does exist in civil cases,
then no ingenuity can show why it does not exist in criminal
cases. The attempt to show it has been repeatedly made; but,
with all possible deference to the Court, and certainly with en-
tire respect, both for its learning and its facility of expression,
it is not too much to say that no opinion yet has been written
which has satisfied or can satisfy me and, I may safely say, the
profession that a real distinction can be drawn between the
power to grant new trials in civil cases and the power to do the
same thing in criminal cases.

In *State v. Lilliston,* 141 N. C., 866, the Chief Justice, in con-
struing section 3272, construes the words, "when he is found
guilty," to relate to the time—that is, of the court, to-wit, the

Superior Court—in which the defendant is found guilty. It seems manifest to us that this is not the correct construction of this statute—"the courts may grant new trials in criminal cases when the defendant is found guilty, under the same rules and regulations as in civil cases." "When he is found guilty" is the same as if it had been written "if he is found guilty," the purpose being not to authorize the granting of a new trial against the defendant, but one for him.

It is perfectly clear that the adverb "when" was used in the sense of the conjunction "if," meaning, of course, "in case that; granting, allowing or supposing that; introducing a condition or supposition," and not as referring to the time when a verdict is returned by the jury. If the latter be the true meaning of the term, how comes it that the Court has the power to grant a new trial for "newly discovered testimony" in civil cases? For the same word, "when," is used in the statute conferring the power in that class of cases, and the right to move for a new trial is restricted to the time "when" the trial occurred, and the statute expressly and specifically states the grounds upon which a new trial may be ordered in civil cases. We have held that the failure to make the motion *during the term,* for the cases set forth in the statute, is fatal, and yet we will entertain a motion in this Court, *when* we have acquired jurisdiction by the appeal, to set aside the verdict and grant a new trial for "newly discovered testimony."

I adhere to the opinion expressed by *Justice Connor* in *State v. Lilliston,* 141 N. C., 866, in which I concurred at the time of the decision of that case, and in *State v. Turner,* 143 N. C., 641. In the former case *Justice Connor* very tersely and forcefully said: "I have never been able to understand why, if this Court has power to grant a new trial for newly discovered evidence in a case involving property of ever so small value, it has not like power where the liberty and life of the citizen is involved. . . . It is one of those questions which, to my mind, will only be settled when reasons more cogent than any yet advanced are found to sustain the conclusion of the Court." In the latter case his language is not less worthy of serious consideration: "The cases in which the motion has been made were reviewed in *Lilliston's case.* I confess that, after examining them, I am unable to see or understand wherein the distinction is found which permits and, upon this record, would make it our duty to grant this defendant a new trial if she had been cast in a civil action involving the title to a tract of land or personal property of an insignificant value, but denies the power to do so when she stands

convicted of a crime followed by a sentence of imprisonment at
hard labor for life. It is not claimed that any statute confers
the power in one case and withholds it in another. The Consti-
tution confers the jurisdiction to hear and determine civil and
criminal appeals in exactly the same terms." *Justice Connor*
and I agreed in our views upon this question when those cases
were decided, and no reason or argument of sufficient force has
since been advanced to change my opinion. This question was
presented in *State v. Starnes,* 94 N. C., 973, but the Court did
not consider it upon principle and authority, but disposed of it
adversely to the defendant, solely upon the ground that no prece-
dent could be found in the decisions of this Court for such pro-
cedure. It did not require any precedent, because the "reason
of the thing" and the perfect analogy between civil and criminal
cases in this respect—not to say anything about the express
words of the statute—were all sufficient to sustain a contrary
ruling. When the question first arose, the Court seemed im-
pressed by the fact that the question had not heretofore been
raised, and concluded, because not raised, that it did not exist.
If this Court will adopt the same process of reasoning, the con-
stancy with which, notwithstanding adverse decisions, the ques-
tion is now raised, will show that the decisions do not satisfy the
professional mind. In *State v. Council,* 129 N. C., 511, *Justice
Douglas* stated his view of the law with his accustomed clearness
and vigor: "Knowing that rehearings are constantly granted in
civil cases, and finding no distinction between civil and criminal
actions, either in the statute or the rules of this Court, I am
unwilling to say, even by implication, that property is more
valuable than life and liberty, or entitled to a greater degree of
protection." We find that the best text writers upon this sub-
ject sustain the position taken by *Justices Connor, Douglas*
and myself in former dissents. In 3 Graham & Waterman on
New Trials, p. 227, the reasons for granting new trials in crimi-
nal cases are said to be more cogent than those which apply to
civil cases. I quote from that standard text book as follows:
"We cannot see any valid reason for interfering with the verdict
in civil cases that would not apply with still greater force to
criminal trials. The latter are certainly the more important,
affecting, as they do, personal liberty, character and, perhaps,
life. The sole object in interfering with the verdict in any case
is the prevention of injustice. As the hazards of pecuniary loss
are proportionately of less consequence than the loss of reputa-

151—42

tion, liberty or life, so greater scrutiny and greater latitude in granting a new trial should be allowed in the latter than in the former."

It is stated in the opinion of the Court that no case in Great Britain or in this country, in which a new trial had been allowed for newly discovered testimony, had been cited. If it is meant by this to imply that no such case can be found, I must respectfully differ from the majority. Indeed, the large majority of the cases relating to this question either hold that a new trial will be granted in criminal cases when the new evidence is of the kind required in civil cases, and the use of proper diligence to discover it has been shown, or recognize that as being the correct rule of law applicable to both civil and criminal cases. They will be found collated in 15 Cent. Digest, p. 142 and sec. 2306. Only one of the courts in the other States seems to decide the other way, and this is the Supreme Court of Iowa. I do not mean to assert this as a fact, but it is true, so far as my researches have enabled me to determine how the matter has been treated in other jurisdictions. In England, I believe, it is regulated by statute, and the decisions in Iowa are based upon statutory grounds. The rule has been held to apply not only to criminal, but even to capital cases. 1 G. & W. on New Trials, 481.

I have not attempted to state with any degree of fullness the reasons which should induce the Court to adopt the same rule in both classes of cases—civil and criminal—for I am satisfied with what has been so well said by our former associate, *Justice Connor*, in the two cases already cited.

In this case I concur in the result because I do not think the defendant has made a sufficient showing of diligence on his part to discover the alleged new proof, even if it is so decisive in its character as to produce the belief in our minds that on another trial it would probably change the result. Perhaps it would do so, but it would seem that the discrepancy or contradiction in the two statements of the principal witness as to the burning of the shop could have been discovered and exposed during the trial of the case. Surely there must have been some witness present or attainable who knew how the building was constructed, and it does not sufficiently appear that if there was not such a witness an examination of the shop after the witness had testified could not have been made in time to have produced evidence of the inconsistent statements at the trial, or at least in time to have presented the matter to the court below. *Moore v. Gulley,* 144 N. C., 81; G. & W. on New Trials, p. 1027.

The grounds upon which such a motion will be granted are well stated in Baylies on New Trials and Appeals, at p. 524, with a full citation of the authorities. Tested by what is there said, I do not think the defendant has brought his case within the rule applicable to such motions.