C. S. KINSLAND v. JOHN P. ADAMS.

(Filed 19 December, 1916.)

**Pleadings—Demurrer—Judgment—Estoppel — False Testimony — Perjury—Evidence.**

>   In an action to set aside a verdict and judgment between the same parties for false testimony of a witness therein to a material fact, the complaint must allege that the witness had been convicted of the perjury and that the plaintiff was free from laches; and when such is not alleged, and it appears from the complaint that a final judgment had been entered creating an estoppel, a demurrer should be sustained.

APPEAL by defendant from *Harding, J.,* at September Term, 1916, of GRAHAM.

*Moody & Whitaker for plaintiff.*
*R. L. Phillips for defendant.*

CLARK, C. J. The complaint alleges that in a former action between the same plaintiff and defendant to recover damages for the failure of defendant to deliver certain logs to plaintiff's sawmill the latter had set up a counterclaim for the purchase price of the timber bought, and that on a reference it had been found by the referee that the plaintiff

was due the defendant the sum of $198.10, which report was confirmed by the Superior Court, judgment entered, and no appeal taken. Upon issuing execution to collect the judgment, this action was brought to enjoin the sale thereunder and to have the judgment declared void upon the ground that it was obtained by false testimony, in that the defendant Adams testified before the referee that the plaintiff was still due and owing him for said timber, though at that time the defendant had converted it to his own use. There is no allegation that the defendant Adams has been indicted and convicted of perjury.

The demurrer is because the complaint does not state a cause of action, for that it shows on its face that the controversy had been settled by a judgment of the Superior Court on this subject-matter between this same plaintiff and defendant. Also, that the complaint sets out an allegation for false testimony rather than for fraud, and contains no allegation that the plaintiff did not have ample opportunity before the trial of the former action to obtain evidence of the matter set out in this complaint as the basis of the present action, if it had been true, and fails to allege that the defendant has been convicted or presented for perjury for said alleged false testimony.

The point in this case has been passed in a very clear opinion in *Moore v. Gulley,* 144 N. C., 81, where, after quoting, among other authorities, *Tovey v. Young,* Prec. Ch., 193, as follows, "New matter may in some cases be ground for relief, but it must not be what was tried before; nor when it consists in swearing only will a new trial be granted unless it appears by deed or writing or that a witness, on whose testimony the verdict was given, has been convicted of perjury or the jury attainted," *Walker, J.,* said: "Numerous cases have been decided in this Court involving the question now presented to us, and we believe that in all of them the principle stated in *Tovey v. Young* has been followed and a conviction of the alleged perjury required as a condition of granting equitable relief. *Burgess v. Lovengood,* 55 N. C., 457; *Dyche v. Patton,* 43 N. C., 295; *Stockton v. Briggs,* 58 N. C., 309; *Horne v. Horne,* 75 N. C., 101," and added: "If facts, such as those stated in the complaint, were held by us to have laid a sufficient foundation for a suit to annul what had been solemnly adjudicated in a former action and to entitle the plaintiff to a retrial of the case, the result would be that, as has been well said, all causes would end in chancery, and the trials of actions at law might, to say the least, be seriously embarrassed. We should, even in the exercise of the undoubted jurisdiction invoked, proceed with the greatest caution. The reason of the rule requiring a previous conviction of the witness upon an indictment for the perjury charged against him has been said to be, besides the inconvenience of the repeated trials, the difficulty

of knowing whether upon another trial the same or new witnesses would swear to the whole truth and nothing but the truth; hence, to induce the Court to interfere, the falsehood of the former testimony must be shown, not merely by other witnesses, but by evidence of a higher grade—by writing or by the unimpeachable record of a conviction for the perjury." *Peagram v. King,* 9 N. C., 608.

An action to set aside a verdict and judgment for false testimony concerning a material fact in a former trial between the same parties cannot be sustained unless the plaintiff is free from laches and produces a higher grade of evidence than mere parol, such as conviction of perjury, so that there may be an end to the litigation.

The demurrer should have been sustained.

Reversed.