### W. L. McCOY v. J. B. JUSTICE, Administrator, et al.

(Filed 23 January, 1929.)

**Pleadings—Demurrer—Cause of Action—Criminal Conspiracy—Perjury.**

> Where the complaint contains allegations of criminal conspiracy, fraud, subornation of witnesses, suppression of evidence, and jury attaint, the cause of action stated is more than the procurement of a verdict by means of false testimony or the subornation of perjury, and the action should not be dismissed because the complaint failed to allege that the witness, upon whose testimony the verdict in question was rendered, has been convicted of perjury or that the falsity of the evidence has been established by writing or unimpeachable record, and a demurrer thereto on the ground that a cause of action is not stated is bad.

Appeal by plaintiff from *Sink, Special Judge,* at September Special Term, 1928, of Macon.

Civil action to vacate judgment and to restrain its enforcement or to stop levy of execution.

A demurrer *ore tenus* was interposed upon the ground that the complaint does not state facts sufficient to constitute a cause of action against the defendants or any of them.

The material allegations of the complaint, so far as essential to a proper understanding of the legal question involved, may be abridged and stated as follows:

1. That on 28 June, 1926, Perry Hyatt, now deceased, instituted a civil action for damages in the Superior Court of Macon County against the plaintiff in the present suit, alleging *crim. con.* and alienation of his wife's affections, which said action was successfully prosecuted to judgment and affirmed on appeal. *Hyatt v. McCoy,* 194 N. C., 760, 140 S. E., 807.

2. That said action was brought as the result of a criminal conspiracy on the part of Perry Hyatt and the defendants in the instant case, other than Caroline Hyatt and C. L. Ingram, the gravamen of the complaint being that said defendants wrongfully, unlawfully and corruptly formed a conspiracy to cheat, defraud and swindle the plaintiff by entering into fraudulent and collusive agreements among themselves, and especially between the said Perry Hyatt, now deceased, and his wife, Anna Hyatt, who by creating false and feigned situations—pretending to be estranged, living separate and apart in appearance only, were able to use the courts as an instrument of their own schemes and deceitful purposes, by suppressing and withholding the truth and by the use of false, perjured and manufactured testimony.

3. That in order to carry out said unlawful conspiracy, it was agreed by and between Perry Hyatt and his wife that they would ostensibly live separate and apart—when in reality no actual separation existed—until each could bring a suit against W. L. McCoy—one on the part of the husband for *crim. con.,* etc., and the other by the wife for seduction and debauchery, the latter being dismissed and affirmed on appeal. *Hyatt v. McCoy,* 194 N. C., 25, 138 S. E., 405.

4. That Perry Hyatt and Anna Hyatt were the principal witnesses at the trial above mentioned and falsely testified to the allegations of the complaint, knowing full well that they were not true.

5. That in carrying out said false and fraudulent scheme and conspiracy, the said Perry Hyatt and wife, Anna Hyatt, were aided, assisted and abetted by the other defendants, save and except Caroline Hyatt and C. L. Ingram.

6. That at the trial of said cause some of the defendants, brothers of the said Perry Hyatt, so threatened and terrorized three or four of the defendant's witnesses as to cause them to absent themselves from the court.

7. That some of the defendants talked with a number of prospective jurors and arranged with them to render a verdict in favor of Perry Hyatt, and caused and procured certain of the jurors, so tampered with and debauched, to be chosen as jurors at the trial.

8. That in consequence of said conspiracy and unlawful conduct on the part of the defendants, other than Caroline Hyatt and C. L. Ingram, a verdict was rendered in said action against W. L. McCoy in the total sum of $12,000.

From a judgment sustaining the demurrer and dismissing the action— counsel agreeing that no execution should be issued on the judgment assailed until the matter could be heard on appeal—the plaintiff appeals, assigning error.

*Moody & Moody and Edwards & Leatherwood for plaintiff.*
*Bryson & Bryson and Geo. H. Patton for defendants.*

Stacy, C. J., after stating the case: The demurrer was sustained and the action dismissed because it is not alleged that the witness, upon whose testimony the verdict in question was rendered, has been convicted of perjury, or that the falsity of the evidence has been established by writing or unimpeachable record, and the decision in *Kinsland v. Adams,* 172 N. C., 765, 90 S. E., 899, is cited as authority for the position, as well as *Moore v. Gulley,* 144 N. C., 81, 56 S. E., 681.

The complaint, as we understand it, alleges much more than the procurement of a verdict by means of false testimony or the subornation of perjury. It contains allegations of criminal conspiracy, fraud, subornation of witnesses, suppression of evidence, and jury attaint. This brings the case within the doctrine announced in *Stockton v. Briggs,* 58 N. C., 314, to the effect, that "If a party obtains a judgment at law by fraud, as by subornation of perjury, or the like foul means, equity will give relief—not by taking possession of the case, going into the trial of legal rights and granting a perpetual injunction, but by acting in aid of the common law and decreeing that the party shall consent to set the judgment and verdict aside and have a new trial at law, and in the meantime, as ancillary to this relief, an injunction will be granted." To like effect are the decisions in *Peagram v. King,* 9 N. C., 295 and 605; *Burgess v. Lovengood,* 55 N. C., 457, and *Scales v. Trust Co.,* 195 N. C., 772, 143 S. E., 868.

We are not now concerned with the admissibility of evidence or the question as to whether the plaintiff can make good his allegations by competent proof, but, deeming the facts set out in the complaint to be true, the accepted rule when the sufficiency of a pleading is challenged by demurrer, we think a cause of action has been stated.

Reversed.