C. T. GILLIKIN, ADMINISTRATOR OF LOUIE ELMER GILLIKIN, DECEASED AND NEXT OF KIN TO LOUIE ELMER GILLIKIN, DECEASED v. LESLIE D. SPRINGLE.

(Filed 8 March, 1961.)

**1. Pleadings §§ 19, 30—**

An action should not be dismissed upon demurrer or judgment on the pleadings allowed in favor of defendant if the allegations of the complaint are sufficient to constitute a defective statement of a good cause of action, since in such instance plaintiff should be allowed to amend, but the action may be dismissed when the complaint fails to state any cause of action entitling plaintiff to relief.

**2. Pleadings § 30—**

The Superior Court is not required to specify the reasons for allowing motion for judgment on the pleadings, but on appeal the Supreme Court must examine the record to ascertain if there is error in the judgment appealed from.

**3. Perjury § 6—**

Perjury and subornation of perjury are criminal offenses and a civil action will not lie for such offenses or conspiracy to commit them. G.S. 14-209, G.S. 14-210.

**4. Fraud § 1—**

There can be no recovery for fraud in procuring a judgment unless and until the judgment is set aside.

**5. Judgments § 24—**

The obtaining of a judgment by perjured testimony is intrinsic fraud and the judgment cannot be set aside on this ground unless the party charged with perjury has been convicted or has passed beyond the jurisdiction of the court, and therefore is not amenable to criminal process.

APPEAL by plaintiff from *Burgwyn, E. J.,* October 1960 Term, of CARTERET.

This and the companion suits by plaintiff, No. 94 versus Ohio Farmers Indemnity Company, No. 96 versus United States Fidelity & Guaranty Company, and No. 98 versus Gene Bell, were all begun by the issuance of summons 20 August 1959. Because of their common origin and the substantial identity of factual allegations in each case, they were argued here as a single appeal. In order to avoid repetition, we here summarize the allegations common to all the cases:

A head-on collision occurred on 2 July 1956 between an automobile headed eastwardly on Highway 70 and a truck headed westwardly. The automobile was owned by Donnie F. Gillikin. Louie Elmer Gillikin (hereafter called intestate) was operating the automobile with the permission of the owner. The truck was owned by Leslie D. Springle (hereafter called Springle). It was operated by Springle's agent. Intestate and Charles E. Lewis, an occupant of the automobile, were killed in the collision. C. T. Gillikin, next of kin of intestate, has qualified as administrator of his estate. Donald Knudson, another occupant of the automobile, suffered serious injuries in the collision. The collision was caused by the negligence of Springle's agent. Springle was coroner of Carteret County. Immediately following the collision, Springle made an investigation to determine the cause of the collision. He refused to permit a highway patrolman or the sheriff's department of Carteret County to take charge of and assume responsibility for the investigation. He refused to hold an inquest.

On 9 October 1956 Springle instituted suit in the Superior Court of Carteret County against Donnie Gillikin and C. T. Gillikin, administrator. (The complaint does not state what cause of action was alleged. It may be inferred Springle sought to recove damages resulting from the negligent operation of the automobile.) Defendant answered and set up a counterclaim. (The answer and counterclaim are not included as part of the record. It is inferred from other portions of the complaint in this action that the counterclaim asserted a cause of action for wrongful death caused by the collision.)

Facts known to plaintiff prior to the trial, supplemented by facts since ascertained (but not described) caused plaintiff to believe and he "alleges that there was every possibility and probability of winning the said action and securing substantial damages for the loss of life" of intestate, but because of "wicked and wrongful scheming" and the wrongful use of "the functions and prerogatives · of his office as coroner," coercion of witnesses, and concealment of truth, a conspiracy with others to show the collision was caused by the negligence of intestate, Springle "brought about a situation wherein the presiding judge entered a nonsuit on the then defendant's counterclaim and cross action."

GILLIKIN *v.* SPRINGLE.

The conspirators, according to the allegations, were defendant, agents of an insurance company, a highway patrolman who investigated the accident, and a photographer who took pictures for use in the trial. They coerced one Knudson, an occupant of the automobile, to give perjured testimony in the trial of the case and assisted in securing other false testimony. Springle made an investigation to determine the cause of the collision. He sought to show intestate was under the influence of intoxicants. Unable to find any evidence tending to establish that fact, he "covertly and with malicious intent did secure a beer can and a 7-Up bottle and placed them in a prominent position in the car and directed a commercial photographer, who had been called to the scene of the accident, to make faked-up and trumped-up pictures to not only defame and degrade the good name and reputation of Louie Elmer Gillikin but directed the taking of pictures for the wicked and wrongful purpose of framing and shaping testimony, evidence and facts to fit in with his own selfish interests and in order that he might prevail in any litigation to be brought."

"That on the basis of the forgoing allegations it is again averred specifically that the said Leslie D. Springle did create false and fraudulent evidence and did perpetrate a fraud upon the court and did suppress and coerce testimony and thwart justice to his own gain to the great and lasting damage of this plaintiff and as a result of these actions herein referred to, this plaintiff has been damaged in being deprived of a just verdict and thus has been irreparably damaged."

Plaintiff prayed that he recover $25,000 compensatory damages, $5,000 punitive damages, and such further relief as "may seem just and proper."

Defendant answered, admitting ownership of the motor vehicles and the appointment of plaintiff as administrator of intestate's estate. He denied the allegations charging wrongful and improper conduct. He specifically alleged the prior action between the parties wherein plaintiff was nonsuited in his claim for damages for wrongful death, asserting that judgment as a complete bar to plaintiff's claim. In addition he pleaded the one-and three-year statutes of limitations. Defendant moved for judgment of dismissal based on the pleadings. The motion was allowed. Plaintiff appealed.

*Charles L. Abernethy, Jr., for plaintiff, appellant.*
*C. R. Wheatly, Jr. and Thomas E. Bennett for defendant, appellee.*

RODMAN, J.   When it affirmatively appears from the complaint that plaintiff has no right of action, this Court is not required to await

a formal demurrer. It may, *ex mero motu,* dismiss the action. *Skinner v. Transformadora,* 252 N.C. 320, 113 S.E. 2d 717. If there is a mere defect in the attempted statement of the cause of action, plaintiff should be permitted to amend.

The rule which is applied here may be used by the Superior Court, particularly when, as here, there is a motion for judgment on the pleading. *Speas v. Ford,* 253 N.C. 770.

Giving the pleadings the liberal construction commanded by the statute, G.S. 1-151, it appears plaintiff asserts tortious conduct by defendant to plaintiff's detriment by (1) initiating a conspiracy to suborn perjured testimony in an action to which plaintiff was a party, (2) fraud perpetrated by defendant on plaintiff by the perjured testimony, thereby preventing plaintiff from recovering for the wrongful death of his intestate, (3) defamation of plaintiff's intestate by asserting intestate was drunk and nude when he drove the automobile and by exhibiting derogatory pictures of intestate, (4) prostitution of the office of coroner to defendant's personal advantage.

Plaintiff's brief does little to enlighten us which allegation entitles him to compensatory or punitive damages as claimed. He contents himself with the statement: "This (the asserted conspiracy) reveals a rotten situation for which there should be some remedy and redress in the courts . . . There was never a full and complete adjudication in the original suit for the same was tainted with fraud due to the scheming and connivance of the Coroner in his individual and official capacity.

"We cannot know just what theory Judge Burgwyn acted on as his judgment does not specify the grounds for his ruling. . . . We feel there was error in not specifying the grounds for the ruling and we pray for a ruling of error in this case."

Manifestly a judge is not compelled to inform a litigant of the reason which leads him to make a ruling, but the appeal does compel us to examine the record to see if there is in fact error in the judgment. The brief seems to say plaintiff is entitled to recover because of (a) the asserted conspiracy to procure perjured testimony, or (b) the fraud resulting from the perjured testimony preventing his recovering damages for wrongful death.

Perjured testimony and the subornation of perjured testimony are criminal offenses, G.S. 14-209, 210, but neither are torts supporting a civil action for damages. The right to recover based on perjury has recently been considered by us and denied. *Brewer v. Coach Co.,* 253 N.C. 257. Nothing need be added to what was there said.

Plaintiff does not ask that the judgment of nonsuit in his action for damages for wrongful death be vacated because of asserted fraud.

His prayer is for damages for the fraud. It would seem manifest that he could not recover for fraud unless and until the judgment denying him the right to recover was vacated. The fraud which he asserts is intrinsic fraud. Many decisions of this Court have declared a judgment cannot be vacated because of perjured testimony unless the party charged with perjury has been indicted and convicted or he has passed beyond the jurisdiction of courts and is not amenable to criminal process. *Horne v. Edwards,* 215 N.C. 622, 3 S.E. 2d 1; *McCoy v. Justice,* 199 N.C. 602, 155 S.E. 452; *Kinsland v. Adams,* 172 N.C. 765, 90 S.E. 899; *Moore v. Gulley,* 144 N.C. 81; *Dyche v. Patton,* 56 N.C. 332; *Peagram v. King,* 9 N.C. 605; 30A Am. Jur. 734. These decisions supplemented by the cases there cited are decisive.

The right to recover for alleged defamation of intestate or because of wrongful acts as coroner are discussed in *Gillikin v. Bell, post,* 244, and *Gillikin v. Guaranty Co., post,* 247, where further facts pertinent to those questions are stated.

Plaintiff's allegations show he has no cause of action.

Affirmed.