JANICE LYNN HEWETT v. RONALD R. ZEGARZEWSKI

No. 8728DC739

(Filed 7 June 1988)

**Divorce and Alimony § 28.1; Judgments § 21.2— Florida divorce judgment—alleged fraud in separation agreement incorporated into judgment—intrinsic fraud**

 The trial court properly granted defendant's motion to dismiss an action seeking to set aside a Florida divorce judgment where the parties had entered into a deed of separation in North Carolina, then entered into a stipulation and property settlement agreement in North Carolina which incorporated the deed of separation, the agreement represented that both parties were each fully aware of the assets and financial condition of the other party, a Florida court incorporated each and every provision of the agreement into its final judgment of dissolution of marriage, and plaintiff subsequently brought this action upon learning that defendant had allegedly concealed the existence of a separate stock account. The type of fraud which plaintiff alleges is not that which will support a challenge to a judgment rendered in a foreign court in that the fraud

which plaintiff alleges is intrinsic rather than extrinsic. Art. IV, § 1 of the United States Constitution.

APPEAL by plaintiff from *Fowler, Earl J., Jr., Judge.* Order entered 30 March 1987 in District Court, BUNCOMBE County. Heard in the Court of Appeals 6 January 1988.

*Marvin P. Pope, Jr., P.A., for plaintiff-appellant.*

*Westall, Gray, Kimel & Connolly, P.A., by Ronald L. Moore, for defendant-appellee.*

JOHNSON, Judge.

This is a civil action in which plaintiff requests that the court set aside a separation agreement and a property settlement agreement, upon the basis that defendant allegedly fraudulently misrepresented his financial condition when said agreements were reached.

Plaintiff-appellant, Janice Lynn Hewett, and defendant-appellee, Ronald R. Zegarzewski, were married on 30 June 1978. There were no children born of this marriage. On 1 August 1986 the parties separated, and on 13 August 1986, they entered into a deed of separation in Haywood County, North Carolina. The agreement provided for a division of all the property which the parties owned, including both marital and separate property, as well as for an allocation of responsibility for their indebtedness. Paragraph 12 of the agreement specifically states that:

> It is the intent of the parties that this agreement constitutes final settlement of all rights and interest arising from the marriage of the parties[.] *[A] final settlement herein provided for is deemed to be an equitable settlement and distribution in lieu of the provisions of General Statute Section 50-20, and [each of the parties] expressly releases and waives any claims arising thereunder.* In addition thereto, each party releases the other from duties and obligations of support and maintenance, including attorneys fees, and understand that this [a]greement may be pleaded in bar of any right or claim arising from the marriage between the parties. (Emphasis supplied.)

On 10 September 1986, the parties entered another agreement in Haywood County, this one entitled "Stipulation and Property Settlement Agreement," "for the purposes of settling and determining in all respects and for all purposes their respective present and future property rights, alimony, obligations, claims, and demands, . . . ." The agreement also specifically provided for the sale of the marital home at a mutually agreeable price, and equal division of the net proceeds derived from the sale between the two parties, an identical provision, in substance, as one contained within the aforementioned deed of separation.

The parties also made two other representations in the agreement, (1) that they had amicably divided between themselves all other jointly owned real property and their personal property (a direct reference to the deed of separation), and (2) that they both further agreed that they were each fully aware of the assets and financial conditions of the other party.

On 12 September 1986, plaintiff filed a petition for dissolution of marriage in the Circuit Court of the Fifth Judicial Circuit of Florida. In this petition, plaintiff requested the court to adopt and ratify the second agreement entitled "Stipulation and Property Settlement" into which the parties had previously entered in North Carolina.

The court entered its final judgment of divorce on 2 October 1986, and incorporated each and every provision of the stipulation and property settlement agreement, the second agreement, which had in turn incorporated the first agreement, the deed of separation. The court ordered strict compliance by the parties.

Nearly three months later, upon becoming aware that defendant had allegedly concealed the existence of a separate stock account, and had allegedly transferred funds from their joint account to this separate account during the course of their marriage, plaintiff commenced this action seeking relief from the agreements. She also requested that defendant be required to truthfully and accurately disclose all assets owned by him at the time of the parties' separation.

When this matter came on for hearing, the trial court granted defendant's motion to dismiss, determining that it was without subject matter jurisdiction to hear the issues, and that the Flor-

ida judgment was entitled to full faith and credit. From this order, plaintiff appeals.

On appeal, plaintiff requests that we consider one issue: to wit, whether the trial court erred in dismissing her complaint for lack of jurisdiction on the grounds that the Florida judgment was entitled to full faith and credit. We find no error and affirm the order entered by the trial court.

The provisions of Article IV, sec. 1 of the United States Constitution require one state to give full faith and credit to a judgment rendered in a court of another state. *Courtney v. Courtney*, 40 N.C. App. 291, 253 S.E. 2d 2 (1979). North Carolina may set aside another state's judgment, but only where it is shown that the court lacked jurisdiction, or that the judgment was procured through fraud. *Thomas v. Frosty Morn Meats, Inc.*, 266 N.C. 523, 146 S.E. 2d 397 (1966). The type of fraud which must be alleged in order to attack a foreign judgment is extrinsic fraud. *Horn v. Edwards*, 215 N.C. 622, 3 S.E. 2d 1 (1939). The general rule is that

> [e]quity will not interfere in an independent action to relieve against a judgment on the ground of fraud unless the fraud complained of is extrinsic and collateral to the proceeding, *and not intrinsic merely—that is, arising within the proceeding itself and concerning some matter necessarily under the consideration of the court upon the merits.*

*Id.* at 624, 3 S.E. 2d at 2. (Citations omitted.) (Emphasis added.)

Plaintiff argues that defendant procured the separation agreement by means of a fraudulent misrepresentation and therefore the judgment should be set aside. It is clear to us that the type of fraud which plaintiff alleges is not that which will support a challenge to a judgment rendered in a foreign court. Plaintiff's reliance upon *Crescent Hat Co. v. Chizik*, 223 N.C. 371, 26 S.E. 2d 871 (1943), is misplaced. In that case, where the defendant attempted to have a foreign judgment set aside on the grounds that the plaintiff had allegedly made false representations during the course of the trial, the court held that false testimony given at trial does not constitute extrinsic fraud and is therefore an improper basis to collaterally attack a foreign judgment. *Id.*

Our Courts are not required to accord full faith and credit to foreign judgments where the fraud was practiced in *obtaining the*

Peele v. Provident Mut. Life Ins. Co.

*judgment* as in *Donnell v. Howell,* 257 N.C. 175, 125 S.E. 2d 448 (1962), where both plaintiff and defendant stipulated that they perpetrated a fraud upon a foreign court by falsely representing plaintiff's true residence. Such fraud has been classified as extrinsic, which is collateral to the proceeding before the court.

It is clear to us that the fraud which plaintiff alleges is of the intrinsic nature and was *necessarily under the consideration of the court upon the merits. See Horn, supra.* The court noted the consideration in its final judgment of dissolution of marriage, and ordered that the "Stipulation and Property Settlement Agreement," which by its provisions incorporated the deed of separation, was freely entered into by the parties after a full disclosure and appeared from the evidence to be in the best interests of the parties. The court then incorporated each and every provision of the agreement into its final judgment.

The questions which plaintiff now raises, issues alleging intrinsic fraud, should be properly addressed to the Florida courts rather than to the North Carolina courts.

Affirmed.

Judges PHILLIPS and ORR concur.