# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Bruton & Co.

v.

Donna Toth

April 23, 1999

Case No. 98-198

BY JUDGE EDWARD L. HOGSHIRE

This case involves a breach of contract allegation. After a bench trial on March 8, 1999, both parties filed briefs in support of their positions. Upon reviewing the briefs and considering the evidence, the Court concludes that judgment should be entered for the Plaintiff.

*Facts*

The Court finds the following facts based on a preponderance of the evidence. The Defendant traveled to Plaintiff's store on or about November 18, 1997, to purchase certain facial equipment in order to begin her facial business. Plaintiff did not carry such equipment in inventory, but it ordered it for the Defendant from a catalog. Defendant agreed to pay the purchase price of $1,881.00 in advance for the goods and did so with her credit card. That same day, Plaintiff ordered the equipment.

On November 25, 1997, Plaintiff called Defendant to notify her that two of the three pieces of equipment had arrived and that the third item was on its way. On November 28th, however, Defendant telephoned Plaintiff and said that she had changed her mind and that she no longer needed the equipment. Nevertheless, on December 3, 1997, the first two items were delivered to Defendant and she signed for them. On December 11th, the third item was

shipped to her. Before that date, however, Defendant canceled the credit card charge, and Plaintiff's account was debited by the amount of $1,881.00.

In April 1998, Defendant shipped the equipment back to the Plaintiff. Plaintiff responded by issuing a letter advising Defendant that the equipment was hers and that she could retrieve it at Plaintiff's warehouse or Plaintiff would be willing to ship it back to her. The equipment has remained in Plaintiff's warehouse since that time, and Plaintiff has been unable to resell it.

### Questions Presented

1.) Did a valid contract exist between the parties?
2.) If so, did Defendant breach the contract?
3.) If Defendant breached, what may Plaintiff recover in damages?

### Discussion of Authorities

The Court begins by observing that Virginia's version of the Uniform Commercial Code ("U.C.C.") applies to this transaction because it involved the sale of goods. Va. Code § 8.2-102. Plaintiff constitutes a seller within the meaning of the Act and Defendant is a buyer. Va. Code § 8.2-103(1). There has been some debate as to whether Defendant satisfied the definition of "merchant" under Va. Code § 8.2-104(1). The Court concludes that Defendant was a "casual or inexperienced seller or buyer," Va. Code § 8.2-104, cmt. 1, and thus she does not qualify as a merchant.

Under the U.C.C., Plaintiff and Defendant entered into a valid contract. The Statute of Frauds provision of the U.C.C. only requires "some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought." Va. Code § 8.2-201. The credit card receipt of November 18, 1997, is sufficient to meet this requirement. Furthermore, even if that writing did not satisfy the Statute of Frauds, this case falls within one of its exceptions where "the party against whom enforcement is sought admits in his pleading, testimony, or otherwise in court that a contract for sale was made." Va. Code § 8.2-201(3)(b). Defendant's January 5, 1998, letter to a customer service representative makes such an admission.

The Court concludes that all the elements of a valid contract existed here. Offer and acceptance were made, and valuable consideration was given by the Defendant for the equipment. Because the contract was at least partially oral, however, there is some disagreement between the parties as to what the precise

terms of the contract were, especially with regard to whether Defendant enjoyed the right to cancel her order or return the goods.

Under the U.C.C., one of the few means by which the buyer can escape his obligations is if the seller delivers goods that are defective or otherwise non-conforming. Even if that occurs, the seller may still cure the defect. Va. Code § 8.2-508. The buyer does not retain a unilateral right to cancel the contract and refuse acceptance. To so hold would render the entire law of contracts in limbo. Therefore, the U.C.C. does not codify a buyer's right to terminate the contract after formation. The question remains whether the Defendant in this case has any other foundation for such a claim.

Defendant contends that industry standards require a no-cancellation policy to be in writing. At trial, however, Defendant failed to offer adequate proof of this standard. The Court thus finds that Defendant has not met her burden of proving industry standards and will therefore not insist on a signed writing with such terms. Because Defendant failed to prove that she enjoyed an unqualified right to return the equipment, her cancellation of the credit card payment and return of the goods operated as a breach of her contract.

The final question, however, is what damages the Plaintiff may recover. Plaintiff contends that it is entitled to the full purchase price of $1,881.00 plus interest from November 18, 1997, and costs, based on its reading of Va. Code § 8.2-709. That section provides that in the event of a buyer's breach, the seller may recover the price "of goods identified to the contract if the seller is unable after reasonable effort to resell them at a reasonable price or the circumstances reasonably indicate that such effort will be unavailing." Va. Code § 8.2-709(1)(b). The Plaintiff argues that these goods are unique and thus cannot be resold. The Defendant contends, however, that the Plaintiff has failed to mitigate its damages. The Court finds that the goods were unique and that there was no significant resale market. Defendant failed to offer evidence to challenge Plaintiff's contentions in these regards. Accordingly, the Court finds that Plaintiff did not fail to make "reasonable efforts" to resell the goods.

The Court thus concludes that Plaintiff is entitled to recover the full purchase price under § 8.2-709. Under § 8.2-709(2), Bruton must hold these goods for the Defendant unless resale becomes feasible. After Defendant has satisfied the judgment against her, she may pick up the goods within a reasonable time at Plaintiff's warehouse.

## *Conclusion*

Based on its legal and factual findings, the Court awards judgment for the Plaintiff in the amount of $1,881.00, plus interest at the legal rate from November 18, 1997, and court costs.