ALLISON A. WALDEN, Plaintiff v. C. RICHARD VAUGHN, EDWARD V. ZOTIAN, and T. PAUL HENDRICK, Defendants

No. COA02-819

(Filed 6 May 2003)

1. **Accord and Satisfaction— enforcement of judgment— defense proper**

    The trial court did not err by considering an accord and satisfaction defense to enforcement of a foreign judgment.

2. **Courts— disputed settlement—checks deposited in Virginia—Virginia law controlling**

    Virginia law was properly applied to a disputed settlement in a civil lawsuit where the checks were accepted and deposited in Virginia. The interpretation of a contract is governed by the law

of the place where the contract was made, a contract is made where the last act necessary to make it binding occurred, and the acceptance and deposit of the checks was the last act necessary to form this contract.

**3. Accord and Satisfaction— disputed settlement—Virginia law**

There was an accord and satisfaction of a judgment under Virginia law, and the North Carolina trial court did not err by denying a motion to enforce that judgment, where the parties' actions in negotiating a settlement constituted a binding offer and acceptance under Virginia law.

Appeal by plaintiff from judgment entered 12 February 2002 by Judge Richard L. Doughton in Forsyth County Superior Court. Heard in the Court of Appeals 20 February 2003.

*Brooks Pierce McLendon Humphrey & Leonard, LLP, by Derek J. Allen and Andrew J. Haile, for plaintiff-appellant.*

*Robinson & Lawing, LLP, by Norwood Robinson and James R. Theuer, for defendants-appellees.*

STEELMAN, Judge.

Plaintiff, Allison A. Walden, appeals a judgment denying a motion to enforce a foreign judgment. We affirm.

On 20 May 1999, plaintiff obtained a judgment against defendants, C. Richard Vaughn, T. Paul Hendrick, Edward V. Zotian and Hampton Nissan Limited Partnership, jointly and severally, in the Circuit Court of Hampton, Virginia. This judgment was for the following amounts: $115,873.00 on a claim for breach of a non-compete agreement, $115,873.00 for breach of a consulting agreement, $20,000.00 in attorney fees, together with interest at 9% per annum.

In August 1999, defendant Hendrick contacted plaintiff's Virginia trial attorney, George Rogers, regarding paying his portion of the judgment. Rogers told him to contact Robert Quadros, a Virginia attorney specializing in collections who was representing plaintiff with respect to the collection of the judgment.

On 7 September 1999, Quadros sent identical letters to each of the three defendants. The letter acknowledged that a payoff on the judgment had been requested. The letter demanded payment of the prin-

cipal amount of the judgment ("$115,873.00") together with interest and attorney fees, for a total of $146,301.37. The letter also contained the following language:

> If you wish to negotiate anything with us then please forward us your suggestion along with your certified check for the amount of the offer. Any further discussion, correspondence or verbiage of any kind that are not accompanied by certified funds will be ignored.
>
> . . . .
>
> The more trouble and the more time you waste, the less likely we are to accept anything but full payment.
>
> I will wait ten days for your offer and at that point will order North Carolina counsel to proceed with all speed.

Quadros contends that he inadvertently omitted from the demand letter the principal and interest due under the second part of the judgment, which would have been an additional $126,301.37.

By letter dated 13 September 1999, defendants tendered to Quadros an offer and three certified checks totaling $146,301.36. The letter and its contents were received by Quadros on 14 September 1999. Quadros received a letter from Rogers on 15 September 1999 informing him of the mistake in the amount demanded from defendants. Quadros's bookkeeper also informed him of the mistake. Nonetheless, Quadros deposited the three checks in his trust account on 15 September 1999. Defendants' letter dated 13 September 1999 which accompanied the three checks stated that the funds were tendered "in full satisfaction of the above-referenced judgment." Each of the checks were marked "Satisfaction in full of Judgment 97-36430 Circuit Court, Hampton, VA." On 19 November 1999, Quadros sent defendant Hendrick a letter attempting to return the money to defendants. Defendants, however, never accepted the return of the money.

On 3 August 2000, plaintiff filed the judgment of the Circuit Court of Hampton, Virginia, in the Superior Court of Forsyth County pursuant to N.C. Gen. Stat. §§ 1C-1703 and 1C-1704 seeking to enforce the judgment against defendants. On 8 September 2000, defendants filed a notice of defense under N.C. Gen. Stat. § 1C-1705. The trial court, sitting without a jury, entered a judgment denying plaintiff's motion to enforce the Virginia judgment. Plaintiff appeals.

WALDEN v. VAUGHN

[157 N.C. App. 507 (2003)]

I.

**[1]** In the first assignment of error, plaintiff argues the trial court erred in considering defendants' accord and satisfaction defense to enforcement of the judgment. We disagree.

The "Uniform Enforcement of Foreign Judgments Act" (Act) provides that a judgment from another state, filed in accordance with the procedures set out in the Act, has the same effect and is subject to the same defenses as a judgment issued by a North Carolina court and shall be enforced or satisfied in a like manner. N.C. Gen. Stat. § 1C-1703(c) (2001).

In North Carolina, accord and satisfaction is a valid defense against a claim to enforce a judgment. N.C. Gen. Stat. § 1-60 (2001). *See also* N.C.R. Civ. P. 60(b)(5). We therefore hold that the trial court did not err in considering defendants' defense of accord and satisfaction. This assignment of error has no merit.

II.

**[2]** In the second assignment of error, plaintiff argues the trial court erred in applying Virginia law rather than North Carolina law in analyzing the accord and satisfaction defense. We disagree.

Under contract law, "the interpretation of a contract is governed by the law of the place where the contract was made." *Bundy v. Commercial Credit Co.*, 200 N.C. 511, 516, 157 S.E. 860, 863 (1931). A contract is made "in the place where the last act necessary to make it binding occurred." *Century Data Sys., Inc. v. McDonald*, 109 N.C. App. 425, 432, 428 S.E.2d 190, 193-94 (1993) (citations omitted).

The trial court found that the 7 September 1999 letter from Quadros to defendants was a demand letter and not an offer. Defendants' letter dated 13 September 1999 was an offer to settle the matter, which strictly complied with the parameters set forth in the 7 September 1999 letter. This offer was accepted by the cashing and retention of the checks enclosed in the letter. The last act necessary to make the contract binding was the acceptance and deposit of the checks into Quadros's trust account, which occurred in Virginia. We therefore hold that the trial court did not err in applying the law of Virginia. This assignment of error has no merit.

WALDEN v. VAUGHN

[157 N.C. App. 507 (2003)]

III.

**[3]** In the third and final assignment of error, plaintiff argues the trial court erred in finding that the parties had entered into an accord and satisfaction. We disagree.

Where the trial is conducted by the judge sitting without a jury, as occurred in this case, the trial court's findings of fact have the force and effect of a jury verdict and are conclusive on appeal if there is competent evidence to support them, even though the evidence could be viewed as supporting a different finding. *See Curl v. Key*, 311 N.C. 259, 260, 316 S.E.2d 272, 273 (1984).

Section 11-12 of the Virginia Code, titled "Part performance extinguishing obligation," reads as follows: "Part performance of an obligation, promise or undertaking, either before or after a breach thereof, when expressly accepted by the creditor in satisfaction and rendered in pursuance of an agreement for that purpose, though without any new consideration, shall extinguish such obligation, promise, or undertaking." Va. Code Ann. § 11-12 (2003). This statute expressly allows the extinguishment of an obligation by the partial performance of the debtor, accepted as such by the creditor. *Id.*

In *Kasco Mills, Inc. v. Ferebee*, 197 Va. 589, 592-93, 90 S.E.2d 866, 870 (1956) (citing *Standard Sewing Mach. Co. v. Gunter*, 102 Va. 568, 574, 46 S.E. 690 (1904)), the Virginia Supreme Court held that:

An accord and satisfaction is founded on contract, and the essentials of a valid contract must be present. Under Code § 11-12 the burden was on the debtors to show that the payment of less than was due was "expressly accepted by the creditor in satisfaction, and rendered in pursuance of an agreement for that purpose[."]

The essential elements of a contract are an offer, acceptance and consideration. *Bruton & Co. v. Toth*, 48 Va. Cir. 516 (1999).

The evidence before the trial court showed that: (1) Quadros had the authority to act on plaintiff's behalf; (2) Quadros sent a letter to defendants soliciting an offer to settle the matter; (3) Quadros's letter set forth specific parameters that any offer of defendants had to meet; (4) Quadros's letter stated that the more time defendants wasted in making an offer, the less likely plaintiff would accept anything but full payment; (5) Quadros's letter openly solicited an offer less than the full amount due; (6) defendants submitted an offer that was less than

the full amount of the judgment and which complied with the requirements of Quadros's demand letter; (7) defendants' offer was clearly and unequivocally submitted in full satisfaction of the judgment; (8) defendants' offer was accepted by Quadros on behalf of plaintiff by depositing the three checks into his trust account; and (9) no attempt was made by Quadros to rescind the agreement until some two months later.

Under these circumstances, we hold that the parties' actions constituted a binding offer and acceptance under Virginia law. *See Gelles & Sons Gen. Contr., Inc. v. Jeffrey Stack, Inc.*, 264 Va. 285, 569 S.E.2d 406 (2002); *Kasco Mills, Inc. v. Ferebee*, 197 Va. 589, 90 S.E.2d 866 (1956). The instant case is distinguishable from cases cited by plaintiff where the creditor informed the debtor that it expected more money before cashing or depositing a check. *See generally*, 42 A.L.R.4th 117 (2002).

Section 8.3A-311 of the Virginia Code, titled "Accord and satisfaction by use of instrument," provides that there is no accord and satisfaction if the claimant "proves that within ninety days after payment of the instrument, the claimant tendered repayment of the amount of the instrument to the person against whom the claim is asserted." Va. Code Ann. §8.3A-311(c)(2) (2003). However, this statute only applies to situations where there is an unliquidated or disputed amount. In their briefs, both plaintiff and defendants concede that the amount due under the judgment was not in dispute. Consequently, section 8.3A-311 does not apply to this case.

The findings of fact of the trial court were supported by competent evidence which, in turn, supported the conclusions of law. This assignment of error is without merit.

AFFIRMED.

Judges McGEE and HUDSON concur.