Veronica CRAVEN, Plaintiff–Appellant,

v.

**SOUTHERN FARM BUREAU CASU-
ALTY INSURANCE COMPANY,
Defendant–Appellee.**

No. 03CA1674.

Colorado Court of Appeals,
Div. IV.

Sept. 9, 2004.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2003.

Bachus, Schumacher & Schanker, LLC, J. Kyle Bachus, Cornell Johnson, Denver, Colorado, for Plaintiff–Appellant.

Anstine, Hill, Richards & Simpson, Ronald C. Hill, Jeffrey J. Richards, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge LOEB.

Plaintiff, Veronica Craven, appeals the trial court's order dismissing her claims against defendant, Southern Farm Bureau Casualty Insurance Company. We affirm.

The dispute in this case arises out of an automobile accident occurring in Jefferson County, Colorado, on June 2, 2001. Craven, an Arkansas resident, was a passenger in her own van, which was rear-ended by another vehicle driven by a Colorado resident. As a result of the accident, Craven sustained injuries requiring medical treatment and physical therapy.

At the time of the accident, Craven's van was insured under a policy issued in Arkansas by Southern Farm. The policy provided for personal injury protection (PIP) benefits in the amount of $5,000 for each covered person, which is the minimum PIP benefit amount required under Arkansas law. At the time, the minimum no-fault PIP benefit amount required under Colorado law was $50,000 per person.

Following the accident, Southern Farm paid Craven the $5,000 limit of her PIP benefits required under her policy. Thereafter, Craven demanded that Southern Farm pay additional no-fault PIP benefits to which she asserted she was entitled under Colorado law.

Southern Farm filed an action against Craven in Arkansas seeking a declaratory judgment that Arkansas law applied to determine the amount of PIP coverage it owed to Craven. On cross-motions for summary judgment, the Arkansas trial court found that Colorado law applied and that Southern Farm owed Craven additional PIP benefits under Colorado law. Southern Farm appealed, and on November 13, 2002, the Arkansas Court of Appeals reversed and held that Southern Farm was entitled to judgment as a matter of law, ruling that Arkansas law applied and that Southern Farm was only obligated to pay Craven $5,000 in PIP benefits as required by Arkansas law. *S. Farm Bureau Cas. Ins. Co. v. Craven*, 79 Ark.App. 423, 89 S.W.3d 369 (2002).

Prior to the ruling of the Arkansas Court of Appeals, Craven filed this action in Jefferson County District Court, alleging that Southern Farm was liable for bad faith and violation of the Colorado Consumer Protection Act by failing to pay PIP benefits under Colorado law. Southern Farm filed a motion to dismiss, which was stayed pending the outcome of the Arkansas appeal. After the decision on appeal was announced, the trial court granted Southern Farm's motion on the ground that the Arkansas judgment in favor of Southern Farm was entitled to full faith and credit and was not subject to collateral attack in Colorado. Craven filed a motion to alter or amend judgment under C.R.C.P. 59. The trial court denied that motion, and this appeal followed.

I.

Craven contends that the trial court erred in dismissing her complaint based on the Full Faith and Credit Clause of the United States Constitution. We disagree.

We review a trial court's ruling on a motion to dismiss de novo. *Grossman v. Dean*, 80 P.3d 952, 957 (Colo.App.2003).

Under article IV, section 1 of the United States Constitution, the final judgments of one state must be given full faith and credit in every other state. *See Marworth, Inc. v. McGuire*, 810 P.2d 653, 655 (Colo.1991)(holding that the Full Faith and Credit Clause prohibited a collateral attack on a Texas judgment in Colorado).

In *Marworth*, the supreme court provided a detailed analysis of the scope and effect of the Full Faith and Credit Clause as it relates to judgments of a sister state. The court noted that the United States Supreme Court has held that "full faith and credit 'generally requires every State to give a judgment at least the res judicata effect which the judgment would be accorded in the State which rendered it.'" *Marworth, Inc. v. McGuire, supra*, 810 P.2d at 656 (citing *Durfee v. Duke*, 375 U.S. 106, 109, 84 S.Ct. 242, 244, 11 L.Ed.2d 186 (1963)). A foreign judgment will be enforced to its full extent regardless of any errors or irregularities it may contain. *See Marworth, Inc. v. McGuire, supra*; Restatement (Second) of

Conflicts § 106 (1971)(a judgment will be recognized and enforced in other states even though an error of fact or of law was made in the proceedings before judgment).

■■■ Further, the Full Faith and Credit Clause generally protects the judgment of a court of a sister state against collateral attacks, unless proper grounds for the collateral attack can be established. According to the supreme court in *Marworth*, the proper grounds for collaterally attacking a foreign judgment are limited to "lack of personal or subject matter jurisdiction of the rendering court, fraud in the procurement of the judgment, satisfaction, lack of due process, or other grounds that make the judgment invalid or unenforceable." *Marworth, Inc. v. McGuire, supra*, 810 P.2d at 656 (quoting *Wooster v. Wooster*, 399 N.W.2d 330, 333 (S.D.1987)). In that regard, the nature and amount or other aspects of the merits of a foreign judgment cannot be relitigated in the state in which enforcement is sought. Post-judgment relief available from foreign judgments under C.R.C.P. 60(b) is limited to the following grounds: (1) the judgment is based upon extrinsic fraud; (2) the judgment is void; or (3) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application. *See Marworth, Inc. v. McGuire, supra.*

Here, there is no dispute that the Arkansas court had personal jurisdiction over the parties and subject matter jurisdiction over the dispute and that the Arkansas judgment in Southern Farm's favor was a final, valid, and enforceable judgment in Arkansas. Accordingly, under the principles articulated in *Marworth*, that judgment was res judicata as between Craven and Southern Farm and was entitled to full faith and credit in Colorado.

Craven argues that the Arkansas judgment is contrary to the then existing public policy in Colorado concerning PIP benefits and that the Full Faith and Credit Clause permits a collateral attack on a foreign judgment that is contrary to the public policy of the recognition state. We disagree.

For purposes of this opinion, we assume, without deciding, that the public policies of Arkansas and Colorado concerning PIP benefits during the relevant period were, indeed, different.

The language of the Full Faith and Credit Clause does not reflect an exception based on the public policy of the recognition state, nor did the supreme court in *Marworth* articulate any such exception for collaterally attacking a valid judgment from a sister state.

■■ Moreover, the United States Supreme Court has ruled that there is no public policy exception to the Full Faith and Credit Clause as it relates to judgments of a sister state. *See Baker v. Gen. Motors Corp.*, 522 U.S. 222, 233, 118 S.Ct. 657, 663–64, 139 L.Ed.2d 580 (1998)("Regarding judgments . . . the full faith and credit obligation is exacting. A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land. For claim and issue preclusion (res judicata) purposes, in other words, the judgment of the rendering State gains nationwide force." (footnote omitted)); *Roche v. McDonald*, 275 U.S. 449, 452–53, 48 S.Ct. 142, 143, 72 L.Ed. 365, 368 (1928)("the Full Faith and Credit Clause . . . requires that the judgment of a State court which had jurisdiction of the parties and the subject-matter in suit, shall be given in the courts of every other State the same credit, validity and effect which it has in the State where it was rendered, and be equally conclusive upon the merits" and "the judgment, if valid where rendered, must be enforced in such other State although repugnant to its own statutes"); *Fauntleroy v. Lum*, 210 U.S. 230, 237–38, 28 S.Ct. 641, 643, 52 L.Ed. 1039, 1042 (1908)(holding that Mississippi was required to enforce a Missouri judgment based upon a Mississippi transaction upon which no recovery could have been had in Mississippi; the transaction was a gambling contract in cotton futures, which was illegal and void under Mississippi law); *see also Marina Assocs. v. Barton*, 206 Ill.App.3d 122, 151 Ill.Dec. 4, 563 N.E.2d 1110 (1990)(Full Faith and Credit Clause required that valid New Jersey judgment be recognized and enforced in Illinois

even though gambling debt claim was contrary to statutes and public policy of Illinois); *Speyer v. Cont'l Sports Cars, Inc.*, 34 Ohio App.3d 272, 518 N.E.2d 39 (1986)(valid Texas judgment had to be enforced in Ohio, even though Ohio public policy would have precluded the original claim in its courts); *Smith v. Shelter Mut. Ins. Co.*, 867 P.2d 1260 (Okla.1994)(holding that a valid Arkansas judgment was entitled to full faith and credit in Oklahoma and that the Full Faith and Credit Clause requires that a valid judgment from one state be enforced or recognized in other states regardless of the public policy of the other state); Restatement (Second) of Conflicts § 117 (a valid judgment in one state of the United States will be recognized and enforced in a sister state even though the strong public policy of the latter state would have precluded recovery in its court on the original claim).

The cases relied on by Craven do not compel a contrary result. *Mosko v. Matthews*, 87 Colo. 55, 284 P. 1021 (1930), did not involve the Full Faith and Credit Clause, but rather was based on common law principles of comity. Further, it did not concern a valid judgment from a sister state, but instead an Oklahoma chattel mortgage. Similarly, *Milhoux v. Linder*, 902 P.2d 856 (Colo.App. 1995), which concerned the recognition and enforceability of a Belgian judgment in Colorado, was decided on the basis of common law comity principles. It is instructive that the division in *Milhoux* cited Restatement (Second) of Conflicts § 117 comment c to the effect that enforcement will usually be accorded judgments of *foreign nations* except where the claim is repugnant to fundamental notions of what is decent and just in the state where enforcement is sought. This comment, however, is in stark contrast to comment b to § 117, which states:

> As between States of the United States, the rule of this Section [that there is no public policy exception] is one of constitutional law. Provided that the judgment is valid ... full faith and credit requires that it be recognized and enforced in a sister State even though the original claim is contrary to the strong public policy of the sister State.

Craven's reliance on *Ranger v. Fortune Insurance Co.*, 881 P.2d 394 (Colo.App.1994), is similarly misplaced. *Ranger* did not involve the Full Faith and Credit Clause or a request to recognize a valid foreign judgment. Rather, it concerned choice of law principles under Colorado law, which is an entirely different question. *See Baker v. Gen. Motors Corp.*, *supra*, 522 U.S. at 233, 118 S.Ct. at 664 ("A court may be guided by the forum State's 'public policy' in determining the *law* applicable to a controversy. But our decisions support no roving 'public policy exception' to the full faith and credit due *judgments*." (citation omitted)); *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 308 n. 10, 101 S.Ct. 633, 638, 66 L.Ed.2d 521, 527–28 (1981) ("Different considerations are of course at issue when full faith and credit is to be accorded to acts, records, and proceedings outside the choice-of-law area, such as in the case of sister state-court judgments."); *Smith v. Shelter Mut. Ins. Co.*, *supra*, 867 P.2d at 1264 n. 7 ("determining which law to apply and determining whether to give full faith and credit to a judgment of a sister state are two different questions"). Moreover, the injured plaintiff in *Ranger*, unlike Craven here, was a Colorado resident and was not the insured under a contract with the defendant insurance company.

Further, all the out-of-state cases cited by Craven are distinguishable. *See Tarnoff v. Jones*, 17 Ariz.App. 240, 497 P.2d 60 (1972)(full faith and credit not required where judgment was not final under law of rendering state); *Samack v. Travelers Ins. Co.*, 111 Ill.App.3d 61, 66 Ill.Dec. 839, 443 N.E.2d 765 (1982)(no valid sister state judgment at issue; decided on Illinois choice of law rules); *Telnikoff v. Matusevitch*, 347 Md. 561, 702 A.2d 230 (1997) (British foreign judgment; decided on comity); *Dart v. Dart*, 224 Mich.App. 146, 568 N.W.2d 353 (1997)(British foreign judgment; decided on comity), *aff'd*, 460 Mich. 573, 597 N.W.2d 82 (1999); *Mashantucket Pequot Gaming Enter. v. Malhorta*, 326 N.J.Super. 134, 740 A.2d 703 (1999)(Indian tribal nation judgment; decided on comity); *Ragovis v. Ragovis*, 124 N.Y.S.2d 655 (N.Y.Sup.Ct.1950)(full faith and credit not required where rendering state did not have jurisdiction over the

parties); *In re Riggs,* 612 S.W.2d 461 (Tenn. Ct.App.1980)(full faith and credit not required where state rendering judgment did not have jurisdiction over the parties and did not provide due process notice to defendant); *City of Yakima v. Aubrey,* 85 Wash.App. 199, 931 P.2d 927 (1997)(full faith and credit not required where state rendering judgment did not have jurisdiction over the parties). Thus, none of those cases supports the broad proposition articulated by Craven that valid sister state judgments that are contrary to the public policy of the recognition state need not be given full faith and credit.

Accordingly, the trial court properly ruled that the Arkansas judgment in favor of Southern Farm was entitled to full faith and credit in Colorado.

## II.

Finally, Craven argues that it is inequitable for the Arkansas judgment to have prospective application in Colorado because she has no viable way to pursue tort remedies against the driver of the car that rear-ended her. We are not persuaded.

As the supreme court noted in *Marworth,* postjudgment relief from a foreign judgment may be available under various provisions of C.R.C.P. 60(b), including C.R.C.P. 60(b)(4), which provides for relief if "it is no longer equitable that the judgment should have prospective application." The grant or denial of a C.R.C.P. 60(b) motion lies within the sound discretion of the trial court and, absent abuse of that discretion, will not be disturbed on appeal. *State Farm Mut. Auto. Ins. Co. v. McMillan,* 925 P.2d 785, 790 (Colo.1996).

C.R.C.P. 60(b)(4) is based on the historic power of a court of equity to modify a decree in light of changes in circumstances occurring after the date of the judgment. It is not a substitute for an appeal and does not allow relitigation of issues that were resolved by the judgment. Instead, it refers to some change in conditions that makes continued enforcement inequitable. *See* 11 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2863 (2d ed. 1985)(commenting on identical provision under Federal Rules of Civil Procedure); *see also Gordon v. Gordon,* 118 Idaho 804, 800 P.2d 1018, 1020–21 (1990) (relief requested pursuant to rule not warranted where no change of circumstances shown).

Here, both the Arkansas Court of Appeals and the trial court in Colorado considered and rejected Craven's arguments. Both courts identified potential legal avenues for Craven to pursue, either in Arkansas or Colorado, to seek compensation from the driver of the other car or her insurer. Craven argues that these avenues would most likely be fruitless. However, those avenues have not been pursued. And even if Craven is ultimately unsuccessful, relief from the Arkansas judgment would not necessarily be required in the future under C.R.C.P. 60(b). In any event, Craven has not identified any changed circumstances, as required under C.R.C.P. 60(b)(4). Accordingly, we conclude that the trial court properly denied Craven relief from the Arkansas judgment on equitable grounds.

Order affirmed.

Judge ROY and Judge VOGT concur.