**DOCRX, INC. v. EMI SERVS. OF N.C., LLC**

[225 N.C. App. 7 (2013)]

DOCRX, INC., Plaintiff-Appellant
v.
EMI SERVICES OF NC, LLC, Defendant-Appellee

No. COA12-783

Filed 15 January 2013

**Judgments—motion to enforce foreign judgment—Rule 60—Full Faith and Credit Clause—grounds for postjudgment relief**

> The trial court erred by denying defendant's motion to enforce an Alabama judgment pursuant to the Uniform Enforcement of Foreign Judgments Act under N.C.G.S. §§ 1C-1701 to -1708 based on the grounds of intrinsic fraud, misrepresentation and misconduct. In North Carolina, the remedies available under N.C.G.S. § 1A-1, Rule 60 are limited by the Full Faith and Credit Clause of the United States Constitution for a foreign judgment. Postjudgment relief from foreign judgments under Rule 60(b) is limited to the following grounds: (1) the judgment is based upon extrinsic fraud; (2) the judgment is void; or (3) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

Appeal by Plaintiff from order entered 6 February 2012 by Judge W. David Lee in Superior Court, Stanly County. Heard in the Court of Appeals 27 November 2012.

*Henson & Talley, LLP, by Karen Strom Talley and Perry C. Henson, Jr., for Plaintiff-Appellant.*

*Chapman Law Group, PLC, by Avery S. Chapman; and Jackson & McGee, LLP, by Sam McGee and Gary W. Jackson, for Defendant-Appellee.*

McGEE, Judge.

DOCRX, Inc. (Plaintiff) appeals from an order denying its motion to enforce a foreign judgment pursuant to the Uniform Enforcement of Foreign Judgments Act, N.C. Gen. Stat. §§ 1C-1701 to -1708. For the reasons below, we vacate the order and remand for further proceedings.

The undisputed facts are that Plaintiff filed a Request To File Foreign Judgment in Superior Court in Stanly County on 2 August

2011. Plaintiff presented a certified copy of a default judgment order (the Alabama judgment) entered against EMI Services of North Carolina, LLC (Defendant) in the amount of $453,683.14, on 1 April 2011 in the Circuit Court of Mobile County, Alabama. Defendant filed a Motion For Relief From And Notice Of Defense To Foreign Judgment on 25 August 2011. Defendant argued, *inter alia*, that the Alabama judgment was obtained by extrinsic fraud. Plaintiff filed a motion to dismiss Defendant's defense of extrinsic fraud pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). Plaintiff also filed a Motion To Enforce Foreign Judgment As A North Carolina Judgment on 2 December 2011. Defendant filed an Amended Motion For Relief From And Notice Of Defense To Foreign Judgment on 17 January 2012, and altered its motion by adding a request for relief from the judgment based on fraud, pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b). The trial court heard the matter on 30 January 2012, and entered an order on 6 February 2012 denying Plaintiff's motion to enforce the Alabama judgment as a judgment of the State of North Carolina. Plaintiff appeals.

On appeal, Plaintiff raises the issue of whether the trial court erred in denying Plaintiff's motion to enforce the Alabama judgment as a judgment of North Carolina. In its order, the trial court first determined that the affidavits and exhibits submitted by Defendant supported Defendant's argument that Plaintiff obtained the Alabama judgment as a result of fraud. The trial court then determined that N.C. Gen. Stat. § 1C-1703(c) entitled Defendant to raise against enforcement of the Alabama judgment " 'the same defenses as a judgment of this State[.]' " The trial court then stated that relief under N.C. Gen. Stat. § 1A-1, Rule 60(b) was available if the trial court determined that "there was "fraud (whether heretofore denominated *intrinsic* or *extrinsic*), misrepresentation, or other misconduct of an adverse party." Finally the trial court concluded that:

> This [c]ourt concludes that in accordance with NCRCP 60(b)(3) the intrinsic fraud, misrepresentation and misconduct of . . . [P]laintiff in obtaining the underlying Alabama judgment precludes enforcement of the Alabama judgment as a judgment of this State.

The appellate courts of our State have not yet addressed the nature of the relationship between the Full Faith and Credit Clause and N.C. Gen. Stat. § 1A-1, Rule 60(b). Traditionally, foreign judgments have been subject to attacks on limited grounds:

**DOCRX, INC. v. EMI SERVS. OF N.C., LLC**

[225 N.C. App. 7 (2013)]

North Carolina may set aside another state's judgment, *but only where it is shown that the court lacked jurisdiction, or that the judgment was procured through fraud. Thomas v. Frosty Morn Meats, Inc.*, 266 N.C. 523, 146 S.E.2d 397 (1966). The type of fraud which must be alleged in order to attack a foreign judgment is *extrinsic fraud. Horn v. Edwards*, 215 N.C. 622, 3 S.E.2d 1 (1939). The general rule is that

> [e]quity will not interfere in an independent action to relieve against a judgment on the ground of fraud unless the fraud complained of is extrinsic and collateral to the proceeding, *and not intrinsic merely— that is, arising within the proceeding itself and concerning some matter necessarily under the consideration of the court upon the merits.*

*Id.* at 624, 3 S.E.2d at 2. (Citations omitted). (Emphasis added).

*Hewett v. Zegarzewski*, 90 N.C. App. 443, 446, 368 S.E.2d 877, 878 (1988) (emphasis added). Our Courts have continued to recite this general concept. *See First-Citizens Bank & Tr. Co. v. Four Oaks Bank & Tr. Co.*, 156 N.C. App. 378, 380, 576 S.E.2d 722, 724 (2003) ("However, to make a successful attack upon a foreign judgment on the basis of fraud, it is necessary that extrinsic fraud be alleged." (citations and quotation marks omitted)). In *Florida National Bank v. Satterfield*, 90 N.C. App. 105, 107, 367 S.E.2d 358, 360 (1988), this Court observed that "[t]he Full Faith and Credit Clause of the United States Constitution requires North Carolina to enforce a judgment rendered in another state, if the judgment is valid under the laws of that state." *Id.* We further stated in *Florida National Bank* that: "A foreign judgment may be collaterally attacked only on the grounds that it was obtained without jurisdiction; that fraud was involved in the judgment's procurement; or that its enforcement would be against public policy." *Id.* We also stated that "[a]lthough extrinsic fraud is a defense to an action to recover on a foreign judgment, intrinsic fraud is not." *Id.*

However, our General Assembly enacted the Uniform Enforcement of Foreign Judgments Act (UEFJA) in 1989. *See* N.C. Gen. Stat. § 1C-1701 et seq. Under UEFJA, foreign judgment debtors

> may file a motion for relief from, or notice of defense to, the foreign judgment on the grounds that the foreign

> judgment has been appealed from, or enforcement has been stayed by, the court which rendered it, or on any other ground for which relief from a judgment of this State would be allowed.

N.C. Gen. Stat. § 1C-1705(a) (2011). Likewise, N.C. Gen. Stat. § 1C-1703(c) (2011) states that "[a] judgment so filed has the same effect and is subject to the same defenses as a judgment of this State and shall be enforced or satisfied in like manner[.]" Defendant contends this statute entitles a foreign judgment defendant to utilize any defense applicable to an in-state judgment. As discussed above, in the present case, the trial court agreed and it utilized Rule 60(b) to set aside the Alabama judgment; indeed, such an interpretation is warranted from the plain language of the statute. There remain, however, constitutional implications that must be determined.

As stated above, our Courts have not yet addressed the interplay between N.C.G.S. § 1C-1705, N.C.G.S. § 1A-1, Rule 60(b), and the United States Constitution. However, case law from other jurisdictions has addressed this issue involving similar statutes. For example, the appellate courts of Utah have concluded that "the remedies available under Rule 59 and 60 are limited by the Full Faith and Credit Clause of the United States Constitution when a foreign judgment is at issue." *Bankler v. Bankler*, 963 P.2d 797, 799-800 (Utah App. 1998). In *Bankler*, the Utah Court of Appeals noted that:

> "[n]either Rule 60(b) nor our Utah Foreign Judgment Act allows our Utah courts to reopen, reexamine, or alter a foreign judgment duly filed in this state, *absent a showing of fraud or the lack of jurisdiction or due process in the rendering state. Only these defenses may be raised to destroy the full faith and credit owed to the foreign judgment* sought to be enforced under the Foreign Judgments [sic] Act."

*Id.* at 799 (citation omitted).

Likewise, the Supreme Court of Montana addressed this issue in *Carr v. Bett*, 970 P.2d 1017 (Mont. 1998), holding that: "We disagree with [the proposition that] . . . . a foreign judgment duly filed in Montana can be subjected to the same defenses and proceedings for reopening or vacating as a domestic judgment, and remain consistent with full faith and credit." *Id.* at 1024. The Montana court held that "the only defenses that may be raised to destroy the full faith and

credit obligation owed to a final judgment are those defenses directed at the validity of the foreign judgment." *Id.* Finally, the Montana court determined that:

> certain defenses such as lack of personal or subject matter jurisdiction of the rendering court, fraud in the procurement of the judgment, lack of due process, satisfaction, or other grounds that make the judgment invalid or unenforceable may be raised by a party seeking to reopen or vacate a foreign judgment filed in Montana. These defenses have been recognized by other states that have held that the language similar to that found in § 25-9-503, MCA, does not allow the merits of a foreign judgment to be reopened or reexamined by the state where it is recorded.

*Id.* at 1024-25. The Colorado Court of Appeals has held similarly. *See Craven v. Southern Farm Bureau Cas. Ins.*, 117 P.3d 11, 14 (Colo.App. 2004) ("Postjudgment relief available from foreign judgments under C.R.C.P. 60(b) is limited to the following grounds: (1) the judgment is based upon extrinsic fraud; (2) the judgment is void; or (3) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.").

In opposition, Defendant cites two Third Circuit Court of Appeals cases in his discussion of Federal Rule of Civil Procedure 60(b), and argues that any distinction between intrinsic and extrinsic fraud is "meaningless." In *Averbach v. Rival Mfg. Co.*, 809 F.2d 1016 (3rd Cir. 1987), the Third Circuit Court of Appeals discussed, but did not rule on, the " 'most unfortunate' " distinction between extrinsic and intrinsic fraud when considering relief from a judgment. Defendant also cites *Publicker v. Shallcross*, 106 F.2d 949 (3rd Cir. 1939), and argues that "the distinction between types of fraud under Rule 60(b) is chimerical and not easily ascertainable." However, we first note that decisions of the Court of Appeals for the Third Circuit are not binding on our Court when interpreting the laws of our State. Further, the cases on which Defendant relies appear to criticize the distinction between intrinsic and extrinsic fraud in similar circumstances, but they do not abolish such distinction.

We find the reasoning of the Utah, Montana and Colorado appellate courts persuasive, and hold that in North Carolina, "the remedies

available under Rule . . . 60 are limited by the Full Faith and Credit Clause of the United States Constitution when a foreign judgment is at issue." *Bankler*, 963 P.2d at 799-800. We hold that postjudgment relief from foreign judgments under N.C.G.S. § 1A-1, Rule 60(b) is limited to the following grounds: "(1) the judgment is based upon extrinsic fraud; (2) the judgment is void; or (3) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." *Craven*, 117 P.3d at 14.

In the past, this Court has, without addressing this framework explicitly, held in accordance with these principles. In *Moss v. Improved B.P.O.E.*, 139 N.C. App. 172, 177, 532 S.E.2d 825, 829 (2000), this Court observed:

> For a foreign judgment to be accorded full faith and credit in North Carolina, and thereby survive a Rule 60(b) motion, "the rendering court must . . . have respected the demands of due process. That is, the rendering court must . . . have afforded the parties adequate notice and opportunity to be heard before full faith and credit will be accorded the judgment. . . . . [I]t follows that when a party against whom a default was entered subsequently challenges the validity of the original proceeding on grounds that he did not receive adequate notice, the reviewing court ordinarily must examine the underlying facts in the record to determine if they support the conclusion that the notice given of the original proceeding was adequate."

*Id.* at 177, 532 S.E.2d at 829. Further, in *Walden v. Vaughn*, 157 N.C. App. 507, 579 S.E.2d 475 (2003), this Court ruled that:

> The 'Uniform Enforcement of Foreign Judgments Act' (Act) provides that a judgment from another state, filed in accordance with the procedures set out in the Act, has the same effect and is subject to the same defenses as a judgment issued by a North Carolina court and shall be enforced or satisfied in a like manner.

*Id.* at 510, 579 S.E.2d at 477 (citation omitted). We then observed that "[i]n North Carolina, accord and satisfaction is a valid defense against a claim to enforce a judgment." *Id.* Finally, we concluded that "the

trial court did not err in considering defendants' defense of accord and satisfaction." *Id.*

For the foregoing reasons, we hold in the present case that, while the trial court's analysis is thorough and reasoned, the trial court did not have the benefit of the determination herein that the application of Rule 60(b) to a foreign judgment is limited by traditional interpretations of the Full Faith and Credit Clause. Plaintiff's motion to enforce the Alabama judgment should have been denied only if "(1) the judgment [was] based upon extrinsic fraud; (2) the judgment [was] void; or (3) the judgment [had] been satisfied, released, or discharged, or a prior judgment upon which it [was] based [had] been reversed or otherwise vacated, or it [was] no longer equitable that the judgment should have prospective application." *Craven,* 117 P.3d at 14. In the present case, the trial court denied Plaintiff's motion to enforce the Alabama judgment on the grounds of "intrinsic fraud, misrepresentation and misconduct." As we have held, these grounds are not sufficient under the Full Faith and Credit Clause to warrant the trial court's denial of Plaintiff's motion to enforce the Alabama judgment. We therefore vacate the trial court's order and remand for further proceedings.

Vacated and remanded.

Judges HUNTER, Robert C. and ELMORE concur.