This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CINDY LOU ESQUIVEL,**

     Petitioner-Appellant,

v.                                       **NO. 32,411**

**JERRY LAWRENCE ESQUIVEL,**

     Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hadfield, District Judge**

Lakins Law Firm, P.C.
Charles N. Lakins
Albuquerque, NM

for Appellant

Jerry Lawrence Esquivel
La Joya, NM

Pro se Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Cindy Lou Esquivel (Petitioner) appeals from the district court's child support order and order regarding Petitioner's motion to enforce marital settlement agreement

(MSA). Petitioner contends the district court erred in concluding that she took title to a certain tract of land subject to tax liens that exceeded the value of the land because she had constructive notice of those liens. Petitioner also contends the district court erred in modifying the child support obligation of Respondent following the parties' modification of the custody arrangement for their minor child (Child). We perceive no error and affirm.

**BACKGROUND**

{2}      Petitioner and Respondent were married on November 1, 2001, and divorced on March 3, 2010. A final decree of divorce was entered on March 3, 2010, which merged with the MSA entered into by the parties on that same date. Pursuant to the MSA, the parties agreed that Petitioner would take title to a 6.803 acre tract of land located in Socorro, New Mexico (the Socorro Property). On May 3, 2010, Respondent executed a deed transferring the Socorro Property to Petitioner. The deed is titled "Quitclaim Deed" but states that the transfer is "with warranty covenants."

{3}      On April 16, 2012, Petitioner filed a motion to enforce the MSA, requesting an order requiring Respondent to clear all liens on the Socorro Property or transfer to Petitioner assets valued in the amount of the unpaid liens on the Socorro Property. Petitioner argued that she was entitled to this relief because Respondent failed to disclose the fact that multiple tax liens had been filed against him and burdened all real property in which he held an interest, including the Socorro Property. Petitioner

stated that she discovered the tax liens when she attempted—unsuccessfully—to sell the Socorro Property.

{4}     The district court held a hearing at which it heard argument from the parties with respect to the Socorro Property and the issue of child support, which it had reserved in a minute order. The district court concluded that Petitioner had constructive notice of the liens on the Socorro Property and that the deed executed by Respondent was a quitclaim deed, carrying with it no warranty covenants. With respect to child support, the district court concluded that Respondent was entitled to a 50% abatement of child support during the months of June and July because the parties had agreed that Child would reside with Respondent during these two months.

**DISCUSSION**

**A.     Socorro Property**

{5}     Petitioner contends the district court erred in concluding that she took title to the Socorro Property subject to the tax liens because she had constructive notice of those liens. She argues that the district court's conclusion is contrary to the language of the MSA and the intention of the parties in entering into the MSA.

{6}     "Marital settlement agreements are contracts executed by divorcing spouses setting forth the present and future obligations of the parties." *Cortez v. Cortez*, 2009-NMSC-008, ¶ 1, 145 N.M. 642, 203 P.3d 857. When we are called upon to interpret an unambiguous MSA as a matter of law, our review is de novo. *See Smith & Marrs,*

3

*Inc. v. Osborn*, 2008-NMCA-043, ¶ 10, 143 N.M. 684, 180 P.3d 1183. However, when the interpretation of an MSA depends upon reasonable but conflicting inferences to be drawn from events occurring or circumstances existing before, during, or after negotiation of the MSA, the interpretation presents a question of fact which we review for substantial evidence. *See Garcia v. Garcia*, 2010-NMCA-014, ¶ 17, 147 N.M. 652, 227 P.3d 621. "We resolve factual disputes and indulge reasonable inferences in favor of the prevailing party." *Id.*

**{7}** The MSA states that, as a compromise distribution of the community property, Petitioner shall receive various items, including the Socorro Property. The district court concluded that Petitioner took title to the Socorro Property subject to the tax liens, despite language to the contrary in the deed, because Petitioner had constructive notice of those liens. Petitioner first argues that she did not have constructive notice of the liens. She acknowledges that the liens were recorded, but contends that she was not bound to search the record because she was not a subsequent purchaser for value. We are not persuaded by the authority that Petitioner relies upon and conclude that there was substantial evidence supporting the district court's decision. We note that the liens at issue were recorded in 2007, during the course of the parties' marriage, and that Petitioner was aware of and worked to resolve various other tax issues.

**{8}** Petitioner next argues that the inclusion of the term "with warranty covenants" in the deed transferring the Socorro Property to Petitioner "is consistent with the

4

unambiguous language of the [MSA] and the fundamental principle of property division in a divorce that each spouse is to have complete and immediate control over his or her share of the community property awarded to them." While a warranty deed might have been consistent with the language of the MSA, we agree with the district court that a quitclaim deed was also consistent with the language of the MSA, and reflected Respondent's intention that the Socorro Property would be a gift for his stepchildren when they finished their schooling.

{9}     We specifically note that the district court did not conclude that Petitioner is responsible for paying the liens. On the contrary, Respondent remains responsible for the liens and the district court ordered that he "should make every effort to clear [the] tax liens on the Socorro Property." While we recognize that the presence of the liens makes the Socorro Property temporarily unmarketable, we are unable to conclude that this lien, and how it is to be removed by Respondent, is inconsistent with the language of the MSA. Substantial evidence exists to support the district court's ruling that addressed the tax lien existing against the Socorro Property that was distributed to Petitioner.

**B.     Child Support**

{10}     Petitioner contends the district court erred in modifying Respondent's child support obligation. We review the setting of child support orders for an abuse of discretion. *See Styka v. Styka*, 1999-NMCA-002, ¶ 8, 126 N.M. 515, 972 P.2d 16. We

5

determine that a district court has abused its discretion "when it applies an incorrect standard, incorrect substantive law, or its discretionary decision is premised on a misapprehension of the law." *Klinksiek v. Klinksiek*, 2005-NMCA-008, ¶ 4, 136 N.M. 693, 104 P.3d 559 (internal quotation marks and citation omitted).

{11}     The district court abated Respondent's child support obligation by 50% for the two months during which the parties agreed that Child would reside with Respondent, and averaged the abatement over a twelve-month period. A child support order may be modified where there has been a substantial change in circumstances. *See Mintz v. Zoernig*, 2008-NMCA-162, ¶ 18, 145 N.M. 362, 198 P.3d 861. The district court specifically found a change in circumstances here, and then calculated child support in accordance with the statutory guidelines. We note that the statutory guidelines specifically allow for a partial abatement of child support for visitations of one month or longer. *See* NMSA 1978, § 40-4-11.1(F)(1) (2008) ("The court may provide for a partial abatement of child support for visitations of one month or longer[.]").

{12}     Petitioner argues that the district court abused its discretion because "[t]here was no equitable basis for reducing child support." We disagree. The parties originally agreed that Petitioner would have primary custody of Child. The parties filed a stipulated order on January 5, 2012, reflecting their agreement to modify the custody arrangement. The parties agreed that Petitioner would maintain primary custody of Child upon her relocation to Kentucky, with Child spending the months of June and

6

July with Respondent in New Mexico. The parties agreed that child support was to be modified to reflect this changed arrangement. We agree with the district court that this change constitutes a substantial change supporting a modification of child support and perceive no abuse of discretion in the court's modification of child support.

**CONCLUSION**

{13}     For the reasons stated above, we affirm the district court's child support order and order regarding Petitioner's motion to enforce the MSA. We evaluated this case based upon Petitioner's brief and Respondent's failure to file an answer brief did not negatively impact our decision. *See* Rule 12-312(B) NMRA (stating that "[i]f an appellee fails to file an answer brief . . . the cause may be submitted upon the brief of appellant"); *Mannick v. Wakeland*, 2005-NMCA-098, ¶ 39, 138 N.M. 113, 117 P.3d 919 ("[A]n appellee does not even have to file a brief, and the appellate court will review the case in accordance with the same favorable view of the proceedings below.").

{14}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**


_____
**LINDA M. VANZI, Judge**

8